## Waltman et al. *v.* The Germantown Trust Co., Appellant.

*Banks—Savings banks—Certificate of deposit—Assignability.*

The owner of a savings account endorsed on the signature card that in the event of his death, he authorized the trust company to pay over to his wife the balance of money standing in the account. The endorsement was dated April 21, 1924.

The transferor died on August 18, 1924, having made a will on July 15, 1924, wherein he revoked and made null and void "any and all wills and testaments or writings in the nature thereof, by me at any time heretofore made."

Held : That the written direction of the depositor was a disposition of the fund to take effect after his death, which was testamentary in character and became null and void under the dece-

dent's will which covered any document having a testamentary quality.

The endorsement on the back of the signature card did not create a gift inter vivos and no present title was vested in the transferee by the depositor.

Argued October 20, 1927. Appeal No. 180, October T., 1927, by defendant from judgment of C. P., Philadelphia County, September T., 1925, No. 9215, in the case of William Custer Waltman, John P. Mayer and Land Title and Trust Company, Executors of the Will of John B. Mayer, deceased, v. The Germantown Trust Co. Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ. Affirmed.

Assumpsit to recover savings deposit. Before Mc-Cullen, J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict in favor of the plaintiffs. Defendant appealed.

*Error assigned,* among others, was in directing the verdict for plaintiff.

*W. Heyward Myers, Jr.,* and with him *W. Horace Hepburn, Jr.,* for appellant.—The transfer of a fund by the depositor to his wife, upon his death, which was unrevoked at the time of his death, was a valid and binding trust in his favor. Reiff's Estate, 16 Pa. Superior Ct. 80; Lines v. Lines, 142 Pa. 159; Smith's Est., 144 Pa. 428.

*John V. Lovitt,* and with him *William Custer Waltman,* for appellee.—There was no valid gift to the wife by the depositor: Appeal of Walsh, 122 Pa. 177; Flanagan v. Nash, 185 Pa. 41; Grow's Estate, 17 D. R. 419; Grady v. Sheehan, 256 Pa. 378; Tearpoak v.

Tearpoak, 85 Pa. Superior Ct. 472; Leadenham's Estate, 289 Pa. 216; Reese v. Phila. Trust Co., 218 Pa. 150.

OPINION BY HENDERSON, J., March 2, 1928:

The plaintiffs' action was based on a claim against the defendant bank for the amount of a deposit made by John B. Mayer, April 21, 1924. The deposit was in a savings account and at the time it was made, the depositor signed a "signature card" containing the following agreement: "I hereby assent to the rules and regulations of the Germantown Trust Company and to any further amendments thereto, and agree to be bound thereby." On the back of this card was endorsed the following: "April 21, 1924, in the event of my death I hereby authorize the Germantown Trust Company to pay over to my wife, Margaret B. Mayer, the balance of moneys standing in this my account. John B. Mayer. Witness, Joseph Bedford, Jr." Rule 3 of the regulations of the defendant with respect to trust deposits is in the following words: "Every deposit made by one person for the benefit of another person shall be expressed to be 'In Trust,' or stating the fiduciary capacity in which the depositor is acting as 'executor, etc.' and no deposit shall be received or be expressed to be received from one person 'by' another person, or by one person 'for' another person." Rule 4 of the regulations is in these words: "In case of the death of a depositor payment can be made only to his or her executors or administrators producing the book, unless an appointment shall have been made by such depositor and recorded on the signature card or books of the company, of a person to receive the same." The deposit was made in the name of the depositor in the usual form. He died August 18, 1924, having made a will July 25, 1924, wherein he revoked and made null and void "any and all wills and testaments or writings in the nature thereof by me at

any time heretofore made.'' On or about September 16, 1924, Margaret Mayer presented the decedent's deposit book for the fund to the defendant bank and demanded payment of the money to her. Pursuant to that request the credit of John B. Mayer was transferred to her. In so doing, however, the defendant made an arrangement with Mrs. Mayer under which the money was to remain in the custody of the bank until the question of her right to receive it was legally determined, information having been received by the Trust Company that the money would be claimed by the executors of the decedent's estate. The first question arising in the litigation is who was the owner of the fund at the time of the testator's death? It was claimed by Mrs. Mayer as a gift under the endorsement contained on the back of the signature card and further title was set up by her under an alleged family settlement and by virtue of an *estoppel.* The position of the plaintiffs is that the title to the deposit never passed to Mrs. Mayer, but became a part of the decedent's estate. They also denied that there was either a family agreement or an *estoppel* vesting title in Mrs. Mayer. The court gave binding instructions for the plaintiffs for the reason that the writing endorsed on the signature card did not create a gift, and that there was no evidence to support a family settlement, or to effect an *estoppel.* With respect to the claim of a gift, authorities are abundant to the effect that actual delivery of the thing given is necessary to create a gift, and this applies to gifts intervivos and gifts causa mortis alike. An intention to give at a future time or on a given contingency will not pass title; the intention must be executed. A gift was defined in Walsh's Appeal, 122 Pa. 177, as the ''voluntary transfer of a chattel completed by the delivery of possession.'' It is the fact of delivery which converts the unexecuted purpose into an executed con-

tract. It is not necessary that delivery be made to the donee. The property may be given to one in trust for the donee, or the donor may make himself a trustee in the donees' behalf, but in each case the title must pass from the donor. It is clear that no present title was vested in Mrs. Mayer by the depositor of this money. It was not only his property, but subject to his control during his lifetime. He could have withdrawn it at any time, and by the very terms of his direction, it was only the "balance" of the deposit remaining at his death which was to go to Mrs. Mayer. There was in the document itself therefore express reservation to the depositor of the fund, and it was held during the remainder of his life by the Trust Company as his property. As there was not a delivery of a gift to Mrs. Mayer a title by gift cannot be supported: Walsh's Appeal, supra; Flanagan v. Nash, 185 Pa. 41; Turner's Estate, 244 Pa. 568; Tearpoak v. Tearpoak, 85 Pa. Superior Ct. 472. As the written direction of the depositor was a disposition of the fund to take effect after his death, it was testamentary in character and became "null and void" under the decedent's will which covered any document having a testamentary quality. The contention is made that under Rule 4 of the defendant, Mrs. Mayer was entitled to take out the fund because she was an appointee on the signature card. No testimony was given in explanation of this rule and the depositor's agreement to be generally bound by the rules of the Trust Company makes no reference to the subject of "appointment" under the rule. That was merely a provision to regulate the conduct of the depositor and the Trust Company. The latter stood in no other relation to the depositor than that of a deposit bank, and the words of the rule are not sufficient to permit a construction creating a gift in praesenti. Reiffs' Estate and the other cases cited by the appellant rest on en-

tirely dissimilar states of fact and give no support to the defendant. There is nothing on the record on which to rest an *estoppel*. The fund in controversy is still in possession of the bank. It had notice of the plaintiffs' claim at the time the transfer of the credit was made to Mrs. Mayer and very properly protected itself against loss. It cannot be said therefore to have been induced to action to its prejudice by any act of omission or commission of the plaintiffs. The agreement of settlement to which reference has been made was in writing and nothing therein applies to the deposit claimed. It related to specific subjects and was executed long after the plaintiffs had made demand on the bank for the deposit. It is highly improbable that if it had been one of the subjects considered, it would not have been expressly referred to in a contract deliberately prepared by the capable counsel who represented the respective parties.

On the facts disclosed, the action of the court below is well supported by authority and the judgment is affirmed.