## Pozzuto's Estate

236

*Henry D. O'Connor*, for exceptant.

*A. J. Goldin*, contra.

SINKLER, J., December 20, 1935.—The exceptions in effect all relate to the finding of the auditing judge in respect of the deposit standing in decedent's name in trust

for a daughter. In Scanlon's Estate, 313 Pa. 424, cited in the adjudication, a deposit in the Farmers' Bank was made by decedent in trust for her husband. Her will recites that she had $6,000, at the Farmers' Bank and provides for its distribution in the main among her relatives. This provision was a revocation of the trust.

Waltman et al. v. The Germantown Trust Co., 92 Pa. Superior Ct. 480, is cited by exceptant in his argument before the court in banc. The trust company received a deposit by the decedent in his name and in the usual form. An endorsement on the signature card, dated the day of the deposit and signed by decedent, authorized the trust company, in the event of his death, to pay over to his wife the balance of money standing in the account. Three months later he made a will wherein he revoked any will or writing in the nature thereof by him theretofore made. The Superior Court construed the direction of the depositor endorsed upon the signature card as testamentary in character. It was therefore revoked by his will which in terms included any writing of that nature.

In Scanlon's Estate, supra, the Supreme Court held that: ". . . a deposit . . . made in a savings bank in the name of a depositor 'as trustee' for another person is sufficient to show an intention to create a revocable trust. . . . The depositor may at any time withdraw any part of the deposit during his lifetime, or otherwise revoke the trust in whole or in part at any time during his lifetime, or by will, but on his death the beneficiary is entitled to the amount remaining on deposit if the depositor has not revoked the trust."

In Waltman et al. v. The Germantown Trust Co., supra, the Superior Court discussing the incidents necessary to create a gift says: "It is not necessary that delivery be made to the donee. The property may be given to one in trust for the donee, or the donor may make himself a trustee in the donees' behalf, but in each case the title must pass from the donor."

In the present case as in Scanlon's Estate the deposit

is in the decedent's name in trust for another; but there is no specific bequest of the deposit effective to revoke the trust, as in Scanlon's Estate.

In the present case there is a clause revoking all wills or writings in the nature thereof theretofore made, as there was in Waltman et al. v. The Germantown Trust Co. But the deposit is made in trust for another, whereas in the Waltman case it was made in decedent's name. Nor does there exist upon the signature card or elsewhere a disposition of the deposit having testamentary effect as in the Waltman case.

Applying the principles of law enunciated in the excerpts above quoted from the two cases cited, we hold the auditing judge correctly determined the question submitted to him.

The exceptions are dismissed and the adjudication is confirmed absolutely.