## Pozzuto's Estate.

94

Argued October 7, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Samuel King,* with him *Henry D. O'Connor,* for appellant.

*Rose F. Koch,* with her *John T. Thompson* and *Abe J. Goldin,* for appellee.

OPINION BY BALDRIGE, J., November 19, 1936.

This is an appeal from the decree of the orphans' court refusing to surcharge the executor of the will of Rosa Pozzuto with certain moneys alleged by the appellant, guardian of two minor legatees, to belong to the decedent's estate.

On March 16, 1933, the decedent deposited in the Philadelphia Saving Fund Society $3,300 in the name of "Rosa Pozzuto, in trust for Josephine Matour." She made no further deposits or withdrawals and died June 14, 1933, leaving a will, naming her daughter, Josephine Matour, as executrix. The decedent left certain real estate, which she specifically devised, and no personal estate, except $18.41, being a balance of interest in the Philadelphia Saving Fund Society from an account she had there in 1931, although it appears in the adjudication that there was some funeral beneficial insurance. The will also provided for a bequest of $200 to a grandchild which was charged against the real estate, and directed the erection of a headstone at a cost of $150. There was a residuary clause disposing of the real and personal estate. The account shows the usual expense of administration, $150 for a headstone, and funeral cost of $154.75 "over and above insurance." It became necessary for the executrix to advance $500.51 of her own money to take care of these expenditures.

In the first paragraph of decedent's will, she expressed the intention "to dispose of all my property ...... hereby revoking and making null and void any and all wills, testaments or writings in the nature thereof, at any time heretofore made by me."

The appellant's contention is that the tentative trust created by the decedent was revocable, testamentary in

character, and was revoked by the decedent in her last will.

It is not disputed that the decedent had the power to withdraw at any time all or any of the fund deposited and use it as her own or revoke the trust by will. A reserved right to revoke a trust is not inconsistent with the creation of the trust: *Dolan's Est.*, 279 Pa. 582, 590, 124 A. 176. But if it was not revoked, and any part of the fund remained at the time of decedent's death, the beneficiary could enforce the trust: *Scanlon's Est.*, 313 Pa. 424, 169 A. 106. In that case Mrs. Scanlon made a deposit in the Farmers' Deposit Savings Bank in the name of "Minnie A. Scanlon, in trust for Charles F. Scanlon." Subsequently she made her will, expressly referring to the fund on deposit and providing for its distribution among her relatives. The court held that while the deposit created a trust, it had been revoked by the will, as the testatrix clearly showed her intention to dispose of that fund. It will be observed at once that the facts there are quite dissimilar to those in the case before us.

The doctrine of tentative trust recognized in the Scanlon case, supra, was adopted by the American Law Institute. Section 58, Restatement, Trusts, reads as follows: "Where a person makes a deposit in a savings account in a bank in his own name as trustee for another person intending to reserve a power to withdraw the whole or any part of the deposit at any time during his lifetime and to use as his own whatever he may withdraw, or otherwise to revoke the trust, the intended trust is enforceable by the beneficiary upon the death of the depositor as to any part remaining on deposit on his death if he had not revoked the trust ...... Comment: b. ...... A tentative trust of a savings deposit can be revoked by the depositor by his will. It is so revoked where by will he makes a disposition of the bank deposit in favor of anyone other

than the beneficiary. It is also revoked where by will he makes a disposition of his property which cannot be carried out except by using the deposit, as for example where he leaves no other property than the deposit."

There is nothing in the writing creating the trust in the case at bar that reasonably leads one to conclude that the decedent intended this trust to be testamentary in character, nor does the will expressly revoke it or make any specific reference to or disposition of the money included in the trust. Revocability is an attribute of a will, but it does not follow, because a written instrument is revocable, it is a will. If it was the testatrix's intention to revoke the trust, she certainly would have been more specific in the language used in her will, which was made shortly after the creation of the trust, than the general expression in the first paragraph thereof. She should have unequivocally revoked the recently created trust. A residuary bequest, without more, does not revoke a tentative trust: *Richardson's Estate,* 235 N. Y. S. 747, 134 Misc. N. Y. 174, and authorities therein collected; *Old Colony Trust Co. v. Gardner* (Mass.), 161 N. E. 801.

Mr. Justice SCHAFFER, in *Scanlon's Estate,* supra, cited *In re Totten,* 179 N. Y. 112, 71 N. E. 748, which has been widely commented upon in legal journals, and quoted therefrom with approval, in part, as follows: "In case the depositor dies before the beneficiary without revocation, or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor." See, also, 3 R. C. L. 716, 717; 43 Harvard Law Review 539.

In *Wilson v. Anderson,* 186 Pa. 531, 40 A. 1096, the settlor created a deed of trust, reserving the life income and providing for distribution of real property among the cestui que trusts at his death. No power of

revocation was reserved. Nine years after the creation of the deed, he made his will, expressly *"revoking all former wills heretofore made by me."* In partition proceedings between his heirs and cestuis que trustent under the trust deed, it was contended that the power of revocation had been omitted by mistake, that the deed reserving unto the settlor life interest was testamentary and therefore revoked by his will. The court dismissed these contentions and observed at page 540: "Plainly, by his conduct, he had not considered the first instrument a will, but a deed; *but he also indicates by the absence of any mention of it, an absence of intention to revoke it."* (italics supplied)

In *Rieff's Estate,* 16 Pa. Superior Ct. 80, the decedent became a member of the Pennsylvania Railroad Employee's Saving Fund and in accordance with the rules of the association providing that moneys on death of depositor would be paid only to persons designated by him, agreed that all deposits to his credit in the event of death should be paid to his mother. Later he changed designation to his wife. Subsequently, decedent made his last will and testament, revoking and superseding all previous instruments. Legatees under the will claimed the designation of his wife as beneficiary of the savings fund was testamentary in character and thereby revoked by the later will. The court held that the designation of the wife, while revocable, was not inconsistent with the creation of a valid trust; further that the will showed no intention to direct the fund into his general estate. Judge ORLADY, speaking for this court, there said (p. 86): "It was not necessary to refer to the saving fund if the beneficiary was to remain as recorded, but was highly important to refer directly and specifically to the designation and to annul it if that fund was intended to be made a part of his general estate."

The appellant relies upon *Waltman v. Germantown*

*Trust Co.,* 92 Pa. Superior Ct. 480, and cases from other jurisdictions not recognizing the tentative or saving fund trust theory. In that case, the deposit was made in the decedent's own name with an endorsement on the back of the signature card: "April 21, 1924, in the event of my death I hereby authorize the Germantown Trust Co. to pay over to my wife, Margaret B. Mayer, the balance of moneys standing in this my account." This endorsement was not in accordance with the rule of the trust company respecting trust deposits. The decedent died August 18, 1924, having made a last will July 25, 1924, revoking and making null and void "any and all wills and testaments or writings in the nature thereof by me at any time heretofore made." The fund was claimed by the decedent's wife and by the executors of his estate. The court awarded the fund to the estate, holding that the depositor had not made a completed gift and that the written direction of the depositor was testamentary in character and therefore null and void under the revocatory clause in his will. That case is not in conflict with our view in the case at bar. Here, the deposit was "in trust" and an immediate interest arose in the donee, subject only to revocation by some unequivocal act, and no such testamentary intent appears as in the Waltman case.

In *Nicklas v. Parker et al.,* 69 N. J. Eq. 743, 61 A. 267, the court expressly refused to follow the rule laid down *In re Totten,* supra. That case, as we observed above, has been definitely recognized by our own Supreme Court.

Decree of the learned court below was affirmed, at appellant's costs.