## Collopy's Estate

*Albert T. Hanby* and *Frank Bechtel, Jr.*, for exceptants.
*Wagoner & Wagoner*, contra.

SINKLER, J., June 30, 1938.—The exceptions relate to the finding by the auditing judge that the deposit of money belonged to the estate of the beneficiary and not to the estate of the depositor. The facts are related in the adjudication. We hold that the exceptions be sustained and that the fund be awarded to the personal representatives of the estate of William Collopy.

The decision of this court in Pozzuto's Estate, 25 D. & C. 235, was sustained by the Superior Court, 124 Pa. Superior Ct. 93, in an opinion by Baldrige, J. There will be found a discussion of the attributes of the so-called tentative trust. The testatrix had deposited in a saving fund a sum of money in her name in trust for one Josephine Matour. The first paragraph of her will expressed her

intention to dispose of her property, revoking all wills, testaments, or writings in the nature thereof, at any time theretofore made by her. We held, in effect, that the fund belonged to the beneficiary. The opinion of Baldrige, J., relates that the appellant contends the tentative trust was revocable, testamentary in character, and was revoked by decedent in her last will. The decedent, he continues, had power to withdraw all or any part of the fund deposited, appropriate it to her own use, or revoke the trust by will. Section 58 of the A. L. I. Restatement of Trusts is quoted at length, concluding as follows:

"A tentative trust . . . is also revoked where by will he (the depositor) makes a disposition of his property which cannot be carried out except by using the deposit, as for example where he leaves no other property than the deposit."

The opinion proceeds: There is nothing which leads to the conclusion that the trust was testamentary in character, and that while revocability is an attribute of a will, it does not follow because a written instrument is revocable that it is a will. The language of the first paragraph of the will was held insufficient to revoke the trust. Testatrix, he concludes, should have unequivocally revoked the trust. Numerous decisions are cited and commented upon in the opinion of Judge Baldrige, all of which need not be set forth herein. Among them is Scanlon's Estate, 313 Pa. 424, the first case in this State on the subject of tentative trusts. In the opinion of the Supreme Court the authorities are discussed, including In re Totten, 179 N. Y. 112. The opinion of the court in Totten's Estate is quoted at some length, the substance whereof is likewise quoted hereinbelow.

The depositor in the present case retained all the attributes of complete ownership over the fund. The beneficiary had no more than an expectation which might have been converted into an estate of legal character by an unequivocal act on the part of the depositor, or by omission, as in the Pozzuto case. Until the beneficiary's

death nothing had been done by the depositor which created for the beneficiary anything other than an expectancy. When he died the beneficiary was not possessed of an estate which passed to his personal representatives. Therefore, the fund belongs to the estate of the depositor and not that of the beneficiary.

The adjudication contains a quotation from the A. L. I. Restatement of Trusts, sec. 58, comm. (*b*), in effect, that the death of a beneficiary of a tentative trust of a saving fund deposit prior to the death of the depositor terminates the trust. In such an event, even though the depositor dies without having manifested an intention to revoke the trust and without having withdrawn the deposit, upon his death the personal representatives of the beneficiary will not be entitled to the amount on deposit.

No decision upon this subject by any court of this State has been reported. Decisions of courts in other States are cited in the brief in support of the exceptions: In re Thompson's Estate, 85 Misc. 291; In re Duffy, 127 App. Div. 74; In re United States Trust Co. of N. Y., 117 App. Div. 178 (1907); and likewise, the summary set forth in 64 C. J. 360. Under these authorities, in such a case as the present the death of the beneficiary before that of the depositor effects a revocation of the trust. While these decisions are not binding upon this court, they are not without weight in enabling us to reach our conclusion.

The doctrine of tentative trust is a comparatively recent development of the law. It was first announced by the Court of Appeals of New York State: In re Totten, supra. The decision was rendered in 1904. At page 125 the court said:

"A deposit by one person of his own money, in his own name as trustee for another . . . is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as delivery of the pass book or notice to the beneficiary."

Upon the death of the beneficiary before that of the depositor who has deposited his money in his name in trust for a beneficiary, the deposit becomes the property of the depositor absolutely and free of trust. There are two grounds for our decision: First, that the beneficiary has no estate which passes to his personal representatives; and, second, that the death of the beneficiary effects a termination of the trust.

The auditing judge did not consider a claim that was presented against the estate because there was no balance for distribution wherewith it could be paid. Since our determination will create a balance for distribution, the account is recommitted to him that he may consider her claim and such other matters as may properly come before him.

The exceptions are sustained and the account is recommitted to the auditing judge for the purposes above stated.

LADNER, J., dissenting.—I regret that I am unable to agree with the disposition that the majority of my colleagues make of the exceptions.

Our Supreme Court in Scanlon's Estate, 313 Pa. 424, has approved the statement of the law with relation to tentative trusts as laid down by section 58 of the A. L. I. Restatement of Trusts, which reads:

"Where a person makes a deposit in a savings account in a bank in his own name as trustee for another person intending to reserve a power to withdraw the whole or any part of the deposit at any time during his lifetime and to use as his own whatever he may withdraw, or otherwise to revoke the trust, the intended trust is enforceable by the beneficiary upon the death of the depositor as to any part remaining on deposit on his death if he has not revoked the trust."

The Supreme Court also quoted with approval the following portion of comment (a) of the principle mentioned:

" 'If a person makes a deposit in a savings bank in his own name "as trustee" for another person, his intention may be either (1) to create a revocable trust, (2) to create an irrevocable trust, or (3) not to create a trust. Evidence may be admitted to show which was his intention. In the absence of evidence of a different intention of the depositor, the mere fact that a deposit was made in a savings bank in the name of a depositor "as trustee" for another person is sufficient to show an intention to create a revocable trust. To such a trust the principle stated in this section is applicable. The depositor may at any time withdraw any part of the deposit during his lifetime, or otherwise revoke the trust in whole or in part at any time during his lifetime, or by will, but on his death the beneficiary is entitled to the amount remaining on deposit if the depositor has not revoked the trust.' "

The majority quote as their authority for sustaining the exceptions the second paragraph of comment (b) to section 58 of the Restatement of Trusts to the effect that the death of the beneficiary of a tentative trust of a savings bank depositor prior to the death of the depositor terminates the trust even though the depositor died without having manifested an intention to revoke the trust and without having withdrawn the deposit, and the personal representatives of the beneficiary will not be entitled to the amount on deposit at the death of the depositor.

As I read Scanlon's Estate, supra, our Supreme Court has not indicated there its approval or disapproval of the particular paragraph of comment (b). I do not regard an adoption of a principle of the Restatement of the Law as necessarily carrying with it the approval of all the comments which are appended thereto. In absence of the specific approval of the comments by the Supreme Court, we ought to be free to accept them or reject them according to logic, reasoning, and what our own applicable decisions demand.

The auditing judge states that no evidence was produced to him which would explain or disclose the settlor's

intention and in absence of such evidence it must be regarded as a pure and simple tentative trust. But though, as such, it is revocable in the lifetime of the settlor-donor and at his death by appropriate provision in the will: Scanlon's Estate, supra; it is not to be regarded as either a testamentary disposition or as an incomplete gift inter vivos or mortis causa (Pozzuto's Estate, 124 Pa. Superior Ct. 93). If therefore it is a trust, the applicable principles of trusts should be applied to the end that a correct and logical conclusion be reached.

I agree with the auditing judge that a tentative trust in absence of all other evidence of intention is not to be regarded as an executory trust but as an executed trust. It should be regarded in essence with the same force and effect as though it were a trust specifically set up by an instrument in writing, in which the settlor reserved to himself the several powers, to revoke in his lifetime, to consume the principal (or as much thereof as he chooses), and to revoke the same by last will and testament. Judge Kun in In re Mines, 31 D. & C. 153, has accurately explained its nature in the following language:

"When one makes a deposit of money, or transfers a deposit, 'in trust' for another, there is created in the intended beneficiary of the trust account 'an immediate interest' therein, but tentative in character, because subject to revocation by the depositor-donor. However, if the right of revocation is not exercised by the donor in his lifetime, or in his will, it is as though the right of revocation had never existed, so that what was 'an immediate interest' in the donee, but tentative in character, becomes, through the non-action of the donor (in not exercising the right of revocation), absolute".

Thus considered, the second paragraph of comment (b) to section 58 of the Restatement of Trusts (there being no evidence of the depositor's intention other than making of the deposit in trust) is at variance with the principle announced as well as the general law of trusts by which it is not the death of the beneficiary that matters, but the

death of the depositor donor. If he has not revoked, either in his lifetime or by his last will and testament, it would seem a fair presumption that he intended it to stand.

The death of the beneficiary of course did not affect the right of the settlor to either consume the fund or revoke it in his lifetime or by his will, but the point of the matter is, if he did neither, we should not presume to do it for him.

I would dismiss the exceptions.

President Judge Van Dusen authorizes me to say he joins in this dissent.