## Flannery's Estate

*John Robert Jones*, for exceptant.

*Edward S. Morris* and *John A. M. McCarthy*, contra.

SINKLER, J., November 4, 1938.—Decedent, who had deposited moneys in a saving fund institution in trust for another, died before the beneficiary, and the hearing judge decided that the fund was subject to the transfer inheritance tax as the estate of the depositor. The conclusion of the hearing judge is in harmony with our decision in Collopy's Estate, 33 D. & C. 169.

In the case cited, the depositor outlived the beneficiary by several months. A majority of this court held that the depositor's estate, not the beneficiary's, owned the deposit. The depositor, we held, had retained all the attributes of complete ownership over the fund. The beneficiary had no more than an expectation which might have been converted into an estate of legal character by an unequivocal act on the part of the depositor, or by omission to act, as in Pozzuto's Estate, 124 Pa. Superior Ct. 93. The beneficiary, we further held, was not possessed of an estate which passed to his personal representatives, and held that the fund belonged to the estate of the depositor and not that of the beneficiary. Our decision, which determines the quality of the estate vested in a depositor in such case as the present, is the law of this court until overruled. Since the depositor

had retained, as we held, all the attributes of complete ownership of the fund in question, it was subject to the transfer inheritance tax as part of his estate.

In our decision in Collopy's Estate authorities cited in the opinion of the hearing judge are discussed: Scanlon's Estate, 313 Pa. 424; In re Totten, 179 N. Y. 112' likewise, A. L. I. Restatement of Trusts, on the subject of tentative trusts.

The exceptions are dismissed and the opinion of the hearing judge is confirmed absolutely.