## Staszewski v. Peoples-Pittsburgh Trust Co.

*John D. Meyer,* for plaintiff.

*Nathan H. Leventon* and *Charles C. Arensberg,* for defendant.

McDONALD, J., March 28, 1945.—This case is before this court en banc upon plaintiff's exceptions to the findings of fact and conclusions of law heretofore filed in this case.

Suit was in assumpsit by Pearl Gutowski Staszewski, plaintiff, against the Peoples-Pittsburgh Trust Company, defendant, in which said plaintiff sought to recover from defendant bank the sum of $2,635.21. The Peoples-Pittsburgh Trust Company filed a petition for interpleader and an order of court made by which an issue was joined for the purpose of determining who was the owner of the funds which defendant bank admitted that it had in its possession, but which the said Peoples-Pittsburgh Trust Company said was claimed by William Sander, as administrator of the estate of Stephania Gutowski Sander, deceased, as well as by plaintiff, Pearl Gutowski Staszewski. Statements of

claim having been filed, the case came on for trial before the author hereof without a jury to determine who was the real owner of the money in question. The testimony disclosed the following facts which were found by the trial judge:

On April 17, 1926, Stefania Gutowski opened a savings account in the All Nations Bank in Pittsburgh. At the time said account was opened, the following "signature card" was filled out:

Authorized Signature of              No. 18748
    Gutowski Stefania
  Stefania Gutowski
    2013 Gregory St.
Address
Date Apr. 17—1926     Occupation          Age
in case of death pay
Balance due to        Pearl—Sister
Identification marks
    Please fill out and return at once by mail or otherwise to All Nations Deposit Bank, Pittsburgh, Pa.
(over)

The only writing appearing upon said signature card is the number which is inserted in the upper right-hand corner of said card and the signature "Stefania Gutowski", as it appears on the second line of said signature card, together with the address "2013 Gregory St." The word "Date" is printed on said signature card, and the date "Apr. 17—1926" is written in in ink. After the printed words, "in case of death pay balance due to", there appears in writing the words "Pearl—sister". While the said signature card has printed at the bottom thereof the word "over", nothing whatsoever appears on the back of said signature card, except some printing which in no way whatsoever affects the issue in this case.

Plaintiff, Pearl Gutowski Staszewski, is the sister of Stefania Gutowski Sander, who is now deceased.

After the date of April 17, 1926, as aforesaid, to wit, on October 30, 1939, Stefania Gutowski was lawfully married to William Sander. A child was born to said Stefania Gutowski Sander and William Sander on March 3, 1940, and Stefania Gutowski Sander died on March 30, 1940.

Letters of administration upon the estate of Stefania Gutowski Sander were duly issued by the Register of Wills of Allegheny County to William Sander, one of the claimants of this fund.

On or about April 1, 1939, the said savings account in the All Nations Bank was taken over by the Peoples-Pittsburgh Trust Company, and the balance now in said account is $2,111.35.

The foregoing were all of the facts which appear in this case, and there is no evidence whatever to show that there was any dominion or control exercised by the sister, Pearl Gutowski Staszewski, over the said account. Further, there is no evidence whatsoever in the case to show that there was ever any actual or constructive delivery of said account or any part thereof, by the said Stefania Gutowski Sander to the said Pearl Gutowski Staszewski, and there is no evidence to show that Stefania Gutowski Sander ever made any declaration of any kind which might be construed as being a declaration to create either a trust or a gift inter vivos. It will be noted that, by the said signature card, as hereinbefore set forth, Stefania Gutowski did not sign the same either at the end thereof or at the bottom of the card, or at any place after it states, "in case of death pay balance due to Pearl—sister".

The writing in question is not a will and it is not testamentary in character and is not signed at the end thereof as required by the Wills Act of June 7, 1917, P. L. 403, sec. 2.

If the writing in question were considered or construed to be a will or testament of the deceased, Ste-

fania Gutowski Sander, it is dated April 17, 1926, and the subsequent marriage on October 30, 1939, and the subsequent birth of a child on March 4, 1940, constituted a revocation of such will. See section 21 of the Wills Act of 1917, P. L. 403, as amended by the Act of May 20, 1921, P. L. 937.

The writing in question does not constitute either a gift inter vivos or the creation of a trust inter vivos, there being no evidence of any kind whatsoever except the facts, as hereinbefore stated: Waltman et al. v. The Germantown Trust Co., 92 Pa. Superior Ct. 480.

The writing in question does not constitute the sister, Pearl Gutowski Staszewski, to be a donee beneficiary of the said fund: Brown's Estate, 343 Pa. 230; and Logan v. Glass, 136 Pa. Superior Ct. 221, affirmed by the Supreme Court in 338 Pa. 489.

Under all of the evidence in this case the trial court properly found that William Sander, as administrator of the estate of Stefania Gutowski Sander (alias Stella Gutowski Sander), is entitled to recover the entire balance of the savings account involved in this case.

Accordingly, the exceptions filed by plaintiff will be dismissed and judgment entered accordingly.

### Order of court

And now, to wit, March 28, 1945, the exceptions heretofore filed by plaintiff are dismissed, and judgment is hereby entered in favor of William Sander, administrator of the estate of Stefania Gutowski Sander (alias Stella Gutowski Sander), in the amount of $2,111.35, plus such interest as may have accumulated upon said savings account in defendant bank down to the date of the entry of this judgment.