## Nace et al., Executors, v. The Fulton County National Bank

*Albert Foster* and *Merrill W. Kerlin*, for executor of Annie M. Hill, deceased.

*James A. Strite*, for guardian of Harvey Hill.

SHEELY, P. J., November 6, 1951.—The parties to this action have filed an agreement for an amicable action of assumpsit to determine the proper disposition of a certificate of deposit and or the proceeds thereof. An agreed statement of facts has been filed.

Harvey Hill, the son of Annie M. Hill, was adjudicated a person of weak mind and the Chambersburg Trust Company was appointed guardian of his estate on October 9, 1929. On November 9, 1932, Annie M. Hill purchased a certificate of deposit in the Fulton County National Bank in the sum of $467.44. The certificate was renewed annually or semiannually at the request of Mrs. Hill, with the addition of interest and new funds to principal, until May 16, 1949, when a renewal certificate was issued for $1,762.08. All the certificates were issued to "Mrs. Annie M. Hill for Harvey Hill" and were payable to "Herself or order".

On September 13, 1949, Mrs. Annie M. Hill was adjudicated a person of a weak mind and the Valley National Bank of Chambersburg was appointed guardian of her estate. That bank subsequently took possession of the certificate of deposit and had it renewed in the same form on May 16, 1950, in the amount of $1,780.40.

On December 19, 1950, Annie M. Hill died, leaving a will dated July 10, 1944, wherein she gave her entire estate to the Valley National Bank of Chambersburg in trust for the benefit of her son, Harvey Hill, with the remainder at his death to certain other persons, and wherein she named Wilson L. Nace and Robert G. Alexander as executors. After confirmation of the account of the guardian of the estate of Annie M. Hill the certificate of deposit, together with other assets of the estate, was delivered to the executors, who still retain it.

The proceeds of the certificate of deposit are claimed by the Chambersburg Trust Company, as guardian of the estate of Harvey Hill, on the theory that the certificate of deposit created a tentative trust for his benefit and, the settlor of the trust having died without revoking, the guardian of his estate is entitled to the fund. The executors under the will of Annie M. Hill

contend that the certificate of deposit is insufficient to create a tentative trust and that, even if a trust were created, it was revoked by the subsequent will of Annie M. Hill.

The doctrine of tentative trusts is recognized in Pennsylvania. In Scanlon's Estate, 313 Pa. 424, 428 (1933), the Supreme Court adopted the rule stated in A. L. I. Restatement of the Law of Trusts §58:

"Where a person makes a deposit in a savings account in a bank in his own name as trustee for another person intending to reserve a power to withdraw the whole or any part of the deposit at any time during his lifetime and to use as his own whatever he may withdraw, or otherwise to revoke the trust, the intended trust is enforceable by the beneficiary upon the death of the depositor as to any part remaining on deposit on his death if he has not revoked the trust."

The same case quoted with approval from the comments to section 58 that evidence may be admitted to show the intention of the person making the deposit in his own name as trustee for another but, in the absence of a different intention of the depositor, the mere fact that a deposit was made in the name of the depositor "as trustee" for another person is sufficient to show an intention to create a revocable trust.

The important question in this case is whether the words "Mrs. Annie M. Hill for Harvey Hill" are sufficient to create a tentative trust in a certificate of deposit payable to "Herself or order" without including the words "in trust." In the briefs it is noted that the rule relating to tentative trust is ordinarily said to apply to a savings account evidenced by a pass book and that there are no cases applying the rule to a certificate of deposit. The rule is based on the manner in which the property is held; the nature of the property is unimportant. There is no valid reason why it should not apply to any type of property, and we con-

sider the fact that the property in this case consisted of a certificate of deposit as being immaterial to the question involved.

The executors concede that had the certificate been made payable to "Mrs. Annie M. Hill in trust for Harvey Hill" a tentative trust would have been created. Do the words "Mrs. Annie M. Hill for Harvey Hill" have any different meaning? "No particular form of words or conduct is necessary for the manifestation of intention to create a trust. A trust may be created although the settlor does not use the word 'trust' ": A. L. I. Restatement of the Law of Trusts, §24, comment, page 74. See also Free's Estate, 327 Pa. 362 (1937). In Converse v. Hawse et al., 326 Pa. 1 (1937), the words "for the account of" were, under the circumstances, held to be sufficient to create a trust. In Cumberland County v. Lemoyne Trust Company, 318 Pa. 85, 95 (1935), it was held:

"Any agreement or contract in writing made by a person having the power of disposal over property, whereby such person agrees or directs that particular property or a certain fund shall be held or dealt with in a particular manner for the benefit of another, raises a trust in favor of such other person against the person making it."

The full wording of the certificate of deposit is *"Mrs. Annie M. Hill for Harvey Hill* has deposited not subject to check *$1780.40* payable to *herself* or order *12* months after date, on return of this certificate properly endorsed." (The italicized portions were written; the remainder printed.) The words could not be construed to mean that Mrs. Hill, as agent for Harvey, had deposited his money since it is admitted that the certificate was purchased with her funds. The only other construction is arrived at by transposing the words to read that Mrs. Hill has deposited for Harvey Hill the sum of $1,780.40, payable to her-

self or order 12 months after date. The deposit was made "for Harvey Hill", i.e., for his benefit, but with the repayment to be made to her or her order. This construction meets the requirement of a tentative trust in that the property is held for the benefit of another with the control over the deposit and the right to revoke the trust being retained by the depositor. In 1 Bogert on Trusts and Trustees, page 293, it is stated:

"In the creation of trust settlors have never been handicapped by formalism. They have not been required to express their intention to create a trust in set phrases or words. The courts of equity have sought to find the real meaning of language used by settlors and have construed it to indicate a trust intent if the legal incidents of a trust were desired, no matter how clumsy or unsuitable the phrases used."

Counsel for the executors refer to the statement: "A trust must be created by clear and unambiguous language or conduct, it cannot arise from loose statements admitting possible inferences consistent with other relationships": Bair v. Snyder County State Bank et al., Admrs. 314 Pa. 85, 89 (1934), and contend that the language in the present case is not sufficiently clear to constitute a valid trust. The only inference, other than the intention to create a trust, which is suggested is that Mrs. Hill merely earmarked or noted that the money was ultimately destined for her son Harvey with the intention of creating a trust for him by her will which she subsequently did. There are two facts which completely destroy this argument, keeping in mind that the intention of the settlor may be determined not only from the form of words used but also by conduct: A. L. I. Restatement of the Law of Trusts, §24. First, Mrs. Hill by her will gave *all* of her property in trust for Harvey, but this was the only item of property which she designated as having

been deposited for him. Second, had she merely earmarked this fund to be a part of the trust which she intended to create by her will, and intended it to be included in the property bequeathed for his benefit, she would not have continued to have the certificate renewed in that form after the will was executed in 1944.

There can be no doubt that the principal concern of Mrs. Hill was to provide for the care and comfort of Harvey. This she did in a very proper and adequate manner by her will. It is idle to speculate why, having so provided for him, she continued to carry this certificate of deposit in its present form; the fact is that she did so carry it, and it is stipulated that she renewed it annually or semi-annually. She must have had some reason for treating this fund differently than the other assets of her estate and since she gave her entire estate in trust for Harvey she must have intended to give this portion of her property to him outright.

The final question is whether Mrs. Hill revoked the trust by her will. The executors contend that the will either revoked the tentative trust entirely or that it was supplemental to the certificate of deposit and spelled out the terms under which the tentative trust was to be executed. In Scanlon's Estate, 313 Pa. 424, 428 (1933), it is held that the will of the depositor which recited that she had, among other assets, the fund in question and provided for its distribution, was a revocation of the trust. See also Bearinger's Estate, 336 Pa. 253 (1939). But in Pozzuto's Estate, 124 Pa. Superior Ct. 93 (1936), it was held that a general clause in a subsequent will revoking all former wills and testamentatary writings and a general residuary bequest would not have the effect of revoking a tentative trust. In Reiff's Estate, 16 Pa. Superior Ct. 80, Judge Orlady said:

"It was not necessary to refer to the saving fund if the beneficiary was to remain as recorded, but it was highly important to refer directly and specifically to the designation and to annul it if that fund was intended to be made a part of his general estate."

In In re Totten, 179 N. Y. 112, 71 N. E. 748, quoted with approval by Mr. Justice Schaffer in Scanlon's Estate, supra, it was said:

"In case the depositor dies before the beneficiary without revocation, or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor."

There is nothing in the will of Mrs. Annie M. Hill to show an intention to revoke the trust, and had testatrix intended the proceeds of the certificate of deposit to be governed by the terms of the trust created by the will she could easily have so provided, or she could have accomplished that purpose by having the certificate of deposit renewed in her own name without the designation "for Harvey Hill." Having failed to do either we must conclude that she intended the amount on deposit represented by the certificate of deposit to become his absolute property, possibly for the purpose of creating a fund to provide for his funeral expenses, which were not provided for under the will.

And now, November 6, 1951, it is ordered and decreed that judgment be entered, pursuant to and under the terms of the agreement filed in this action, in favor of Chamberburg Trust Company, guardian of the estate of Harvey Hill, and against the Fulton County National Bank for the sum of $1,762.08, with interest from May 16, 1950.