## Towland Estate

*Charles Blasband* and *John J. Gilbride, Jr.,* for accountant.

TAXIS, P. J., May 26, 1964.—Decedent died on March 2, 1963, leaving a will dated July 29, 1959, probated on March 8, 1963, on which letters of administration were granted to Mary P. McDougall.

Decedent, during her lifetime, created three tentative trusts of savings accounts, two of which were entitled "Gertrude M. Towland, In Trust for Mary P.

McDougall," and the third of which was entitled "Gertrude M. Towland, In Trust for Marguerite T. Frederick."

Subsequent to the creation of the three tentative trusts, decedent executed her will and in paragraph 3 thereof, provided as follows:

"I give and bequeath all my rights, titles and interests in and to all funds on deposit at Philadelphia Savings Fund Society, of Philadelphia, Pennsylvania, Account No. E-362705 to Mary P. McDougall, Widow, of my deceased nephew, William A. McDougall, the same to be hers absolutely."

In paragraphs 4 and 5, decedent made identical provisions with regard to the two remaining tentative trusts for Mary P. McDougall and Marguerite T. Frederick.

Accountant has raised the question whether the tentative trust funds are assets of decedent's estate. She suggests that the trusts were revoked by the provisions of the will quoted above.

The provision in decedent's will expressly revoking all former wills does not constitute a revocation of the tentative trusts: Pozzuto's Estate, 124 Pa. Superior Ct. 93. A tentative trust of a savings deposit is revoked where the depositor expressly disposes of the deposit in his will in favor of a person other than the beneficiary: Scanlan's Estate, 313 Pa. 424. It is also true that such a trust is revoked where the testator's testamentary scheme cannot be given effect except by using the deposit: Rodgers Estate, 374 Pa. 246 (Lower Court opinion Fid. Rev. Oct. 1950). The latter principle was applied in Rodgers Estate where the savings account was in excess of $34,000, the remaining estate totalled $4,800, and testatrix's will provided for a trust for the support and maintenance of her incompetent sister, who was also the beneficiary of the tentative trust.

The court in finding that the will revoked the tentative trust reasoned that the testatrix would not have created an elaborate testamentary trust for the relatively small assets she possessed outside the savings account and yet intended the fund which composed the bulk of her estate to go to the incompetent sister absolutely: Rodgers Estate, supra, at page 253. Cf. McCann Estate, 9 Fiduc. Rep. 136.

Neither of the above principles is applicable to the case at bar. Decedent's will does not demonstrate a revocation, but rather a confirmation of the tentative trust. Decedent not having revoked the trust, the savings accounts became the property of the beneficiary upon her death: Pozzuto's Estate, at 96; Restatement, Trusts, §58. This conclusion that the accounts became the property of the beneficiaries upon decedent's death appears to have been the expectancy of decedent from the language of her will that she bequeathed all *her* "rights, titles and interests," in and to the savings accounts funds to the beneficiaries of said accounts.

Where the depositor of a tentative trust fund has insufficient property to pay his funeral expenses and the expenses of administration, the deposit can be applied to the payment of these expenses. Cf. Currier Estate, 12 D. & C. 2d 319; Scott on Trusts, (2d ed.) §58.5. In this case, however, the estate is sufficient to pay the funeral and administration expenses, although the legacies must abate.

Regarding priorities of legacies, it is clear that there is no residue for distribution. The seven bequests of "1/7th of my American Telephone and Telegraph Stock" are clearly specific legacies: 4 Hunter, O. C. Legacies and Devises, §27(c). These bequests abate pro rata but take priority over the general legacies to the Catholic Foreign Missions of America, Inc. and to Frank J. Cullen: Fiduciaries Act of April 18, 1949, P. L. 512, sec. 751, 20 PS §320.751.

While the tentative trust savings accounts do not bear any share of funeral and administration expenses, including commissions and attorney fees, they do bear the liability for the transfer inheritance tax imposed upon them. See §718(c), Inheritance and Estate Tax Act of June 15, 1961, P. L. 373, sec. 718(c), as amended, 72 PS §2485-718(c). Accountant is directed to collect the tax on the tentative trust savings accounts from the transferees thereof and such receipts are to be reflected in a schedule of distribution which is hereinafter directed to be filed: Inheritance and Estate Tax Act of 1961, sec. 741, 72 PS §2485-741.

The account shows a balance of principal for distribution of $31,294.83, and a balance of income for distribution of $953.10. These are not the correct balances, however, because the accountant has included the tentative trust savings accounts among principal receipts and interest thereon among income receipts. I find the correct balance of principal for distribution to be $20,537.91, and the correct balance of income for distribution to be $570.99. . . .

And now, May 26, 1964, this adjudication is confirmed nisi.