# Mabrey v. Metropolitan Life Insurance Company, Appellant.

*Insurance—Life insurance—Trial by court without a jury—Findings of fact—Appeals.*

Where a case is tried by a judge without a jury upon a policy of life insurance which provides that no obligation is assumed by the company, unless on its date the insured is alive and in sound health, and that the policy is void if the insured prior to the date of the policy, had been rejected for insurance, or been attended by a physician for a serious disease, or had any disease of the .heart or kidney, and the company alleges that the insured was not in sound health at the date of the policy, had been rejected for insurance prior to that date, and also had been attended by a physician for a serious disease prior to that date, a finding by the judge from sufficient evidence that the allegations of the company were not sustained, will not be reversed on appeal where there is no manifest error.

When a case is tried by a judge without the intervention of a jury, the findings of fact are only to be reversed when the testimony is such as would warrant binding instructions, if the questions of fact were to be passed on by a jury.

Argued Nov. 15, 1917.   Appeal, No. 90, Oct. T., 1917, by defendant, from judgment of Municipal Court of Philadelphia Co., Oct. T., 1916, No. 63, for plaintiff on case tried by the court without a jury in case of Sallie C. Mabrey v. Metropolitan Life Insurance Company.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Assumpsit on a policy of life insurance.   Before KNOWLES, J.

The case was tried without a jury, and judgment was entered for the plaintiff for $295.   The evidence is summarized in the opinion of the Superior Court.

*Error assigned* was the judgment of the court.

*Arthur G. Dickson*, for appellant.

*H. Horace Dawson*, for appellee.

OPINION BY PORTER, J., October 12, 1918:

The plaintiff founds her right to recover upon a policy on the life of her deceased daughter, issued by the defendant company.   The case was tried before a judge of the court below, without the intervention of a jury.   The policy provided that no obligation was assumed by the company unless on its date the insured was "alive and in sound health," and that the contract should be void "if the insured before its date had been rejected for insurance by this or any other company,......or has been attended by a physician for any serious disease or complaint; or has had before this date any disease of the heart, liver or kidneys."   The only defenses alleged in the answer were that the insured was not in sound health at the date of the policy; that prior thereto she was suffering from Bright's disease of the kidneys, and chronic valvular disease of the heart, and also had been attended by a physician for la grippe, alleged to be a serious disease or complaint; that the insured had been rejected for insurance by the John Hancock Mutual Life Insurance Company of Boston, and that under the above recited covenants of the policy the same was void and unenforceable.

The plaintiff, at the trial, offered in evidence the policy, dated March 23, 1914, testimony establishing that the premiums of insurance had been regularly paid, that the insured had died on February 29, 1916, and the admission of the defendant that proofs of death had been duly furnished to the company.   This presented a prima facie case.   The defendant company then offered testimony tending to establish that the insured had been attended by a physician "for influenza and grippe" beginning March 14, 1914, and continuing during that month and for several days in April, and that beginning on May 15, 1914, she had been attended by another physician for "influenza and heart trouble," this testimony being offered for the purpose of establishing that the insured was not in sound health on March 23, 1914, the date of

the policy.    The physician who attended her for grippe, in March, testified that "true influenza and grippe" is a serious condition, due to its general effect upon the system, and that, in his opinion, the insured was at that time suffering from "true grippe."    The physician who began to attend the insured on the 15th of May and whose attendance continued down until the date of her death testified that, in his opinion, "probably the conditions I found in May might have existed in March." This testimony was oral.    The defendant also offered in evidence depositions showing that the insured had, in January, 1914, applied for a policy in the John Hancock Mutual Life Insurance Co., which had some time in the February following been referred to Dr. Haines, the medical inspector of the company, who after examination of the application, disapproved thereof.    This witness testified that his action was final, but there is nothing in the deposition to show when such action was taken.    The plaintiff, in rebuttal, offered in evidence the certificate of Dr. Bond, the examining physician of the company, which certificate was attached to and made part of the application upon which the policy issued, stating that he had personally examined the insured and that, in his opinion, "said life is in good health, that said life's constitution is sound," and that he recommended that said life be accepted as first class.    This certificate, by the defendant company's own physician, was dated March 13, 1914, ten days before the date of the policy, and one day before another physician testified that he was called upon to attend the insured for grippe.

We have here a case in which the testimony produced by the plaintiff established a right to recover in which there was no flaw, and the defendant company attempted to defeat that right by oral testimony.    The testimony would have certainly warranted a finding that the insured was not in sound health at the date of the policy, but it was not of that conclusive character which would warrant us in holding that, as matter of law, the plain-

tiff was not entitled to recover, upon the ground that the insured was, at the date of the policy, suffering from any ailment that seriously affected the general soundness and healthfulness of her system: Horne v. John Hancock M. Life Ins. Co., 53 Pa. Superior Ct. 330; Clark v. Metropolitan Life Ins. Co., 62 Pa. Superior Ct. 192. The evidence did not clearly establish that the insured had been refused for life insurance by the John Hancock Insurance Company, at or prior to the date of this policy, the time when that refusal occurred was left uncertain. The learned judge of the court below who tried the cause expressly based his findings upon the questions of fact. When a case is tried by a judge without the intervention of a jury, the findings of fact are only to be reversed when the testimony is such as would warrant binding instructions if the questions of fact were to be passed on by a jury. The testimony in this case was not such as to warrant a reversal of the judgment.

The judgment is affirmed.