## Banca D'Italia & Trust Company v. Giordano et al.

Argued October 1, 1943. Before KELLER, P. J., STADTFELD, RHODES, HIRT, and KENWORTHEY, JJ. (BALDRIGE, J. and RENO, J., absent).

*Frank Carano,* with him *Joseph Marinelli,* for appellants.

*William F. Quinlan,* for appellee.

OPINION BY HIRT, J., March 3, 1944:

Guy Giordano borrowed $3,000 from plaintiff bank in 1936 on a misleading statement of the financial worth of his butter and egg business. He became insolvent in the same year, and although he testified that his assets then were converted into cash and distributed among his creditors by a committee, nothing appears to have been received by the bank to apply on his note. The bank subsequently entered judgment thereon by confession. In 1941, Giordano opened an account with Liberty Title and Trust Company in his own name as trustee for Josephine Giordano, a minor daughter. On March 31, 1942, plaintiff bank issued an attachment execution on its judgment, naming the Liberty Trust Company as garnishee. The total on deposit in the above trust account then was $1,400.10. The questions before the lower court in the present proceeding, tried by a judge without a jury, were whether the deposits made by Giordano in the trust account were his own funds and whether the trust was tentative. The lower court resolved these issues in favor of plaintiff and entered judgment against the garnishee in the total amount of the trust account. Giordano and the guardian ad litem of the minor cestui que trust appealed.

In 1936, about the time Giordano became insolvent, his wife and a sister-in-law, ostensibly as partners trad-

ing as American Beauty Egg Company, registered a business to be conducted at a new location, under the Act of June 28, 1917, P. L. 645, 54 PS 21, as amended. Giordano became associated with the business, according to his testimony as an employee, but the lower court found that the "so called American Beauty Egg Company is fictitious more than in name; that the business is in fact that of defendant," Guy Giordano. The source of all but $350 deposited in the trust account was the proceeds of sales by Giordano of fats and waste products of the above business. Eight of the nine deposits were checks drawn to Giordano as payee and on at least five of them the name of American Beauty Egg Company did not appear as endorser or otherwise. The remaining deposit of $350 was the proceeds of insurance in the name of American Beauty Egg Company, paid on a fire loss.

It is the function of the lower court and not of this court to pass upon the credibility of witnesses. *Pearlman v. Newburger et al.*, 117 Pa. Superior Ct. 328, 178 A. 402; the finding that Giordano had a proprietary interest in the business and that the money deposited in the trust account was his, are supported by reasonable inferences from the testimony.

The evidence also is sufficient to justify the finding of the court that the trust was tentative. "A deposit by one person of his own money, in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will ......" "In the absence of a different intention of the depositor, [i. e., to create an irrevocable trust or not to create any trust] the mere fact that a deposit was made in a savings bank in the name of a depositor 'as trustee' for another person is sufficient to show an intention to create a revocable trust": *Scanlon's Estate*, 313 Pa. 424, 169 A. 106; *Bearinger's Estate*, 336 Pa. 253, 9 A. 2d

342; *Downey v. Duquesne City Bank*, 146 Pa. Superior Ct. 289, 22 A. 2d 124. Both Giordano and his wife insisted that an irrevocable trust was intended but the court did not accept their testimony. Whether their testimony was incredible in the light of the circumstances was a question for the finder of facts. The finding of the trial judge has the force and effect of a verdict of a jury. *Jann v. Linton's Lunch*, 150 Pa. Superior Ct. 653, 29 A. 2d 219. Such finding may be reversed only when the testimony is such as would warrant binding instructions if the questions of fact were to be passed on by a jury. *Mabrey v. Metropolitan L. Ins. Co.*, 70 Pa. Superior Ct. 321. No such ground for reversal appears in the present proceeding. The court in effect, upon sufficient evidence, concluded that Giordano intended to retain the beneficial incidents of ownership in the amounts deposited and that he set up a trust in form only in an attempt to place the fund beyond the reach of creditors. Cf. *Mogridge's Estate*, 342 Pa. 308, 20 A. 2d 307. Giordano had complete control over the bank account and, as testified by a representative of the Liberty Bank, could withdraw the fund or any part of it at any time and for any purpose, under the terms upon which the account was opened. On the finding of the court, the trust, at most, was tentative and plaintiff was justified in treating Giordano as the unrestricted owner of the deposits in issuing execution against the fund. Restatement, Trusts, §58(c).

In strictness the trial judge improperly excluded evidence that well might have been received. But the issues were not tried by a jury and appellants are not entitled to a new trial on that ground, for the excluded proof appears elsewhere in the testimony and they were not harmed. The trial judge had before him all of the essential facts and the judgment of the court in banc, based upon his findings, may not be disturbed.

Judgment affirmed.