Krewson Estate.

Argued November 17, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, HIRT, KENWORTHEY and RENO, JJ. (RHODES, J., absent).

*Joseph Atlas,* with him *Joseph Weintraub,* for appellant.

*Cornelius C. O'Brien,* with him *Thaddeus M. Daly, Jr.,* for appellee.

OPINION BY BALDRIGE, J., March 15, 1944:

Mary M. Krewson died October 20, 1940, unmarried and without issue, leaving a will dated January 28, 1937, wherein she appointed appellant, Lyman daF. Brandon, her executor and trustee. The executor's account was duly filed and called for audit January 14, 1943. It appeared therein that the testatrix opened an account December 7, 1931, with the Philadelphia Saving Fund Society under the designation of "Mary M. Krewson, In Trust for E. Violet Nicewonger (niece of age)," in which there was a credit balance at the time of testatrix' death of $1,965.01.

The claim of E. Violet Nicewonger was opposed on the ground that the trust was revoked by (1) declarations and acts of decedent prior to her death, and (2) by the provisions of the decedent's will. The auditing judge held that the deposit constituted a tentative trust

for the beneficiary named and it was not revoked by declarations of the decedent or by her will and awarded the amount of the deposit to E. Violet Nicewonger. His action was sustained by the court sitting en banc.

The appeal that followed involves a consideration as to whether the decedent revoked the trust, and further whether the executor of the estate of the decedent has the right to appeal from the adjudication of the orphans' court awarding this deposit to E. Violet Nicewonger.

The deposits of money made from time to time by the testatrix in her own name as trustee for her niece clearly constitute a tentative trust, revocable at will. The doctrine of tentative trust has been recognized and approved by our appellate courts in a number of cases including *Scanlon's Estate,* 313 Pa. 424, 169 A. 106; *Pozzuto's Estate,* 124 Pa. Superior Ct. 93, 188 A. 209; *Downey v. Duquesne City Bank,* 146 Pa. Superior Ct. 289, 22 A. 2d 124; *Gorgas' Estate,* 147 Pa. Superior Ct. 319, 24 A. 2d 171. It has been adopted by the American Law Institute §58, Restatement, Trusts.

The alleged oral statements made by the decedent to the effect that she merely made her niece beneficiary so that the niece could withdraw funds for the testatrix' own use in case she became bedridden were not sufficiently clear and unambiguous to constitute a parol revocation of the written declaration of trust made with the deposit.

The appellant introduced in evidence an unsigned document allegedly written by the decedent about a month before her death, which the court correctly disregarded. It was not a holographic will and it had no evidential value. *Bearinger's Estate,* 336 Pa. 253, 9 A. 2d 342, relied on by the appellant, is distinguishable as there the depositor wrote a *signed* letter to his sister-in-law (the beneficiary of the deposit in a savings account), a short time before his death, stating that she was to pay his funeral expenses and divide the re-

mainder of the deposit with the depositor's sister. Even if we accept the writing offered in evidence at face value, it contains no specific reference to the deposit and it is doubtful whether it would be sufficient to constitute a revocation of the trust.

Nor do we find anything in the testatrix' will indicating an intention to revoke the trust. The appellant argues that an intention to revoke the trust created by the deposit appears in the eighth paragraph of the will reading as follows: "In making the bequests in this Will to my sister Martha Cleland, I have not been unmindful of the existence of my nieces, the daughters of my sister Elizabeth Douglas, but I feel that I have made sufficient remembrance of them in ...... the cancellation of One Thousond Dollars from the obligation of Four Thousand Dollars owing to me by Emory L. Nicewonger, the husband of my niece Violet Nicewonger ......" Those provisions are not inconsistent or in conflict with the continued existence of the trust of the deposit. If it was the purpose of the testatrix to revoke the trust she would have specifically and expressly said so in her will drawn by an attorney.

Furthermore, the appellant as executor had no such interest as would give him a right to appeal. Under section 22(a) of the Orphans' Court Act of June 7, 1917, P. L. 363, 20 PS §2601, the right to appeal is limited to "any party aggrieved by the definitive sentence or decree of any orphans' court ......" See, also, *Musser's Estate,* 341 Pa. 1, 17 A. 2d 411; *Hand's Estate,* 288 Pa. 569, and cases cited p. 570, 136 A. 864; *Reese's Estate,* 317 Pa. 473, 177 A. 792.

Appeal is dismissed at appellant's costs.