## Black Estate

*William C. Hogg, Jr.*, for accountant.

*C. William Kraft, Jr.*, for decedent's widow.

*John V. Diggins*, for decedent's daughter.

VAN RODEN, P. J., April 5, 1950.—Decedent died July 1, 1948, survived by his second wife, a daughter, and a child of a predeceased son. By his will, he devised and bequeathed unto his widow one third of his estate, absolutely and in fee simple. By written election duly filed and recorded, the widow elected to take against the will. She also filed a written notice of election pursuant to the provisions of section 11 of the Estates Act of April 24, 1947, P. L. 100, 20 PS §301.11, evidencing her intention to treat certain transactions as testamentary dispositions. These transactions involved the creation by decedent of eight separate bank accounts during the period from October 29, 1931, to July 3, 1942. Seven of these accounts were carried in the name of decedent as trustee for his daughter and the remaining account was in the name of decedent in trust for both his wife and daughter. It is conceded that all deposits in these accounts were made by decedent from his own funds and assets. All withdrawals prior to the date of his death were made by decedent personally. At the time of death the balances in these accounts totalled $24,354.28.

The executor did not include these bank accounts in the inventoried assets of the estate, but appended a notice at the end of the inventory and appraisement listing said accounts "for information only". The first and final account of the executor has been confronted with objections filed by the widow questioning the accountant's failure to include these bank accounts among the assets of the estate.

Thus, the question now before the court is whether the widow's election entitled her to share in the funds in these bank accounts. Or, in other words, whether the corpus of a tentative trust, created by decedent and neither revoked nor consumed by him during his lifetime, forms part of his estate at the time of his death for the purpose of computing the distributive share of the surviving spouse.

This question involves an aspect of the law of tentative trusts not heretofore considered by the courts of Pennsylvania. The doctrine of tentative trusts, conceived by the New York Court of Appeals in 1904 (In re Totten, 179 N. Y. 112, 71 N. E. 748), recognized by the Supreme Court of Pennsylvania in 1933 (Scanlon's Estate, 313 Pa. 424), and officially adopted in 1935 by the A. L. I. *Restatement of the Law of Trusts*, §58, must now be considered as fully legitimated. However, despite its known origins, and its superficial resemblance to the ordinary revocable trust, many of its characteristics are not readily identifiable.

The restatement definition is as follows:

"Where a person makes a deposit in a savings account in a bank in his own name as trustee for another person intending to reserve a power to withdraw the whole or any part of the deposit at any time during his lifetime and to use as his own whatever he may withdraw, or otherwise to revoke the trust, the intended trust is enforceable by the beneficiary upon the death of the depositor as to any part remaining on deposit on his death if he has not revoked the trust."

Such a trust may be revoked by the withdrawal of the funds by the depositor or by other express manifestation of intention to revoke: Bearinger's Estate, 336 Pa. 253 (1939); Vierling, Admx., v. Ellwood City Federal Savings & Loan Association et al., 356 Pa. 350 (1947). Revocation may also be by will, but such

a revocation must be express; a will containing a general clause of revocation or a residuary clause does not ipso facto revoke a tentative trust: Pozzuto's Estate, 124 Pa. Superior Ct. 93 (1936). It has been held that a creditor of the depositor may reach the fund: Banca D'Italia & Trust Company v. Giordano et al., 154 Pa. Superior Ct. 452 (1944), but that the depositor cannot set off against his indebtedness to the bank after the bank's insolvency a savings deposit made in trust for another: Kardon v. Willing, 20 F. Supp. 471 (1937). It has also been held that a savings account in the name of a decedent in trust for another is free of inheritance tax: In re Mines, 31 D. & C. 153 (1938). A fortiori, where the trust is irrevocable: McGary Estate, 355 Pa. 232 (1946).

The issue involved in the instant case has been resolved in favor of the surviving spouse by the New York Court of Appeals: Krause v. Krause et al., 285 N. Y. 27, 32 N. E. (2d) 779 (1941). In that case, as in the case at bar, a bank account was opened by a depositor as trustee for his daughter by a former marriage. It was held that the transfer of the bank account to the daughter was "illusory" and did not deprive the widow of any right that she might have as surviving spouse.

A study of the Krause decision, however, reveals that it does not rest upon any peculiarity inherent in a tentative trust, but merely follows the doctrine of "illusory transfer" which was enunciated by the court of appeals in Newman v. Dore et al., 275 N. Y. 371, 9 N. E. (2d) 966, 112 A. L. R. 643 (1937), and which is applicable to any type of property.

In the Newman case, it was held that a transfer by a husband of all his property in trust is ineffective to deprive his widow of any rights in and to such property upon his death. Where the husband reserved to himself the enjoyment of the entire income so long as he

should live, and also reserved power to revoke the trust and to control the trustees in its administration, the transfer was held to have been illusory. The Pennsylvania courts, however, have not yet gone that far, and have held with regard to a revocable trust, that where the power of revocation has not been exercised by settlor, the validity of the trust remains unaffected as though there never had been a reserved right of revocation: Dolan's Estate, 279 Pa. 582, 49 A. L. R. 858 (1942). It is well settled by the decisions of the Pennsylvania Supreme Court that a spouse has a right to give away all or any of his property, and, if he actually divests himself of ownership and there is no fraud, it is immaterial that the surviving spouse is thereby deprived of a distributive share in the estate of the deceased spouse: Rynier Estate, 347 Pa. 471 (1943). The good faith required of a donor or settlor in making a valid disposition of property during life does not refer to the purpose to affect the wife or husband, but to the intent to divest the donor of his ownership of the property: Windolph v. Girard Trust Company, 245 Pa. 349 (1914). Fraudulent intention is not shown merely by proving that the purpose of the gift was to deprive the other spouse of his or her distributive share in the estate of the donor: Beirne v. Continental-Equitable Title & Trust Co., 307 Pa. 570 (1932). In DeNoble v. DeNoble et al., 331 Pa. 273, 277 (1938), it was stated that, "Such fraud would exist, for example, if the transfer were a colorable one, the husband retaining a concealed interest in the property". The Court of Appeals of Maryland has held that where a husband immediately before his death attempted to transfer his bank accounts in trust for the benefit of children of a former marriage, retaining complete control over the accounts and giving his children no right to draw any part thereof until after his death, and such funds constituted substan-

tially all of his estate, the transfers were colorable, and were a fraud upon the marital rights of the widow: Mushaw et al. v. Mushaw, 183 Md. 511, 39 A. (2d) 465 (1944).

Section 11 of the Estates Act of April 24, 1947, P. L. 100, 20 PS §301.11, would seem to apply to tentative trusts. The section provides as follows:

"A conveyance of assets by a person who retains a power of appointment by will, or a power of revocation or consumption over the principal thereof, shall at the election of his surviving spouse, be treated as a testamentary disposition so far as the surviving spouse is concerned to the extent to which the power has been reserved, but the right of the surviving spouse shall be subject to the rights of any income beneficiary whose interest in income becomes vested in enjoyment prior to the death of the conveyor."

It is indicated in the commissioner's comment that the section was intended to change the existing case law. As stated in the comment:

"This section preserves for the surviving spouse the right to share in the decedent's assets where the decedent has retained important rights of ownership at death. Rights of the surviving spouse in such circumstances have been recognized in other states: cf. *Newman v. Dore*, 275 N. Y. 371, annot. 12 Temple L. Q. 129, 36 Mich. L. R. 496. However, Pennsylvania has given little opportunity to the surviving spouse to share when legal title has passed from the decedent prior to death: cf. *Beirne v. Continental-Equitable T. & T. Co.*, 161 A. 721, 307 Pa. 570; *Windolph v. Girard Trust Co.*, 91 A. 634, 245 Pa. 349; *Rynier Est.*, 32 A. 2d 736, 347 Pa. 471; *contra Diedel's Est.*, 32 D. & C. 685. Indeed, the situation in Pennsylvania has been such that it was stated correctly that, 'It is only the stupid husband, who, against his wishes, would be forced to allow his

wife to share in his personalty.': Comment (1939) 5 Univ. of Pitts. L. Rev., 78, p. 87."

However, in Bregy, Intestate, Wills and Estate Acts of 1947, p. 5859, it is stated that:

"Other situations where an inter vivos transfer of personalty might be regarded as testamentary as to the surviving spouse even without the aid of the present act are tentative trusts and gifts causa mortis. No Pennsylvania appellate court case passing on the rights of the surviving spouse with regard to such transactions has been found. It would seem reasonable to suppose, however, that such property would be available to the spouse on the analogy of cases holding that such transfers are testamentary as to creditors."

If, in the instant case, the savings accounts had been created by decedent after January 1, 1948, the effective date of the Estates Act of 1947, there would be no doubt that the surviving spouse would be entitled to share in the bank accounts in question. It has been suggested by counsel for the widow that it is not the date of the deposit but rather the date of the death of the depositor which must be considered in determining whether the new act is applicable. With this contention we cannot agree. Section 1(2) of the Estates Act of April 24, 1947, P. L. 100, defines "conveyance" as "an act by which it is intended to create an interest in real or personal property whether the act is intended to have inter vivos or testamentary operation". It seems obvious, therefore, that the date of the deposit is the governing date with respect to the applicability of the act. However, the act may be considered as illustrative of the present public policy of this Commonwealth with respect to protection of the rights of a surviving spouse as to a tentative trust, and to such extent may be of some value in determining the state of the common law prior to the enactment of the legislation, where such common law has not heretofore been expressly

pronounced by the courts. Of even greater weight in determining the common law in such situation is the new comment, designated as "cc" added to section 58 of the restatement in the 1948 supplement, as follows:

"Although the surviving spouse in claiming his or her statutory distributive share of the estate of the decedent is not entitled to include in the estate property transferred during his lifetime by the decedent in trust for himself for life with remainder to others, even though the decedent reserved a power of revocation (see §57, Comment c), the surviving spouse of a person who makes a savings deposit upon a tentative trust can reach the deposit."

Were it not for the policy evidenced by the new Estates Act and the new comment in the restatement, this court would be very reluctant to follow the Krause case in holding that a tentative trust is a mere illusory transfer and therefore ineffective as to a surviving spouse. But, in view of the great respect with which the restatement is regarded by our appellate courts and in view of the fact that the legislature has seen fit to express the public policy with respect to a situation not previously governed by the preëxisting case law, this court is constrained to hold that the surviving spouse of a person who makes a savings deposit upon a tentative trust can reach the deposit. Accordingly, the objections of the widow are sustained, and the accountant is directed to include the widow's one-third share of the balances in said savings accounts in the distributive assets of the estate and to pay over and deliver unto the widow the one-third share of the net proceeds of the funds which were at the time of decedent's death on deposit in trust for his daughter. With respect to the account which decedent created in trust for both his wife and daughter, the widow is entitled to a one-third share thereof by virtue of her election and is also entitled to a one-half share of the remaining

balance in the account as cobeneficiary of that portion of the tentative trust which was not rendered ineffective by her election as surviving spouse.