## Wagner Estate

*David Friedman*, for accountant.

RAHAUSER, J., June 29, 1953.—The account filed in this estate shows a balance due the accountant, for administrative expenses and a preferred debt advanced by her, in the amount of $102.97. The petition for distribution lists other unpaid but admitted medical and funeral bills in the amount of $914.25, but shows no additional assets.

At the audit of the account of the administratrix she presented a petition averring the above facts and further reciting that the above-named decedent, on August 1, 1950, more than a year prior to her death, had opened an account at Peoples First National Bank & Trust Company styled "(Mrs.) Margaret L. Wag-

ner, in trust for Saundra Lee Wagner". The present balance in this account is $4,000. The petition further averred that Saundra Lee Wagner, the beneficiary of the trust, is a minor for whose estate the Potter Bank and Trust Company has been appointed guardian. The petition also averred that the trust fund was subject to the aforesaid claims. The minor's guardian agreed that the fund was subject to the claims.

The prayer of the petition is for an order authorizing and directing the guardian to pay out of the trust fund, referred to as a tentative trust account, the amounts due from the decedent's estate for administrative expenses and preferred debts, in the sum of $1,-017.22. The guardian joins in the prayer of the petition. The depository of the funds is not a party to this proceeding.

The tentative trust account was not inventoried nor accounted for as an asset of the estate of Margaret L. Wagner, deceased, and apparently the funds deposited by decedent in this account have not come into the actual possession of either the administratrix of her estate or the guardian of the estate of the minor beneficiary of the tentative trust. In such a fact situation there are presently no funds before this court for distribution and it has no jurisdiction over the funds which would justify it in making the order requested.

In cases involving tentative trusts where an orphans' court has determined the right to the fund it appears that such funds have been brought into the hands of the personal representative and accounted for by him. See Scanlon's Estate, 313 Pa. 424; Bearinger's Estate, 336 Pa. 253; Krewson Estate, 154 Pa. Superior Ct. 509. An examination of the opinion of the lower court in the last-mentioned case shows that even though both claimants of the tentative trust account agreed that the funeral bill should be paid therefrom, the court was apparently unwilling to include this item in its decree

of distribution in decedent's estate, but left this payment to be made by the beneficiary of the trust, to whom the entire trust fund was awarded.

If the trust fund was properly before the court, it would be proper to allow the aforesaid claims to be paid out of it, despite what was done in Krewson Estate, above cited. There is no Pennsylvania decision directly in point on this matter, but such claims have been allowed in New York State where the doctrine of tentative trusts, or "Totten Trusts", as they are known there, grew up. See Beakes Dairy Co. v. Berns et al., 112 N. Y. S. 529, and In re Weinberg's Estate, 296 N. Y. S. 7. This position is also taken in the A. L. I. Restatement of the Law of Trusts, §58(c), which reads in part as follows:

". . . creditors of a person who makes a savings deposit upon a tentative trust can reach his interest, since he has such extensive powers over the deposit as to justify treating him as in substance the unrestricted owner of the deposit. *So also, on the death of the depositor if the deposit is needed for the payment of his debts, his creditors can reach it. So also, if it is needed it can be applied to the payment of his funeral expenses and the expenses of the administration of his estate, if he has not sufficient other property which can be applied for these purposes.*" (Italics supplied.)

The prayer of the petition will be denied without prejudice.

### Order of Court

And now, to wit, June 29, 1953, the petition having been presented in open court, the prayer of the petition of Mildred Sherwin for the award of funds deposited in the Peoples First National Bank & Trust Company, in the name of Margaret L. Wagner, in trust for Saundra Lee Wagner, is refused without prejudice.