## Currier Estate

*Lawrence A. Brown,* and *Desmond J. McTighe,* for petitioner.

*John C. Noonan,* for guardian.

Taxis, P. J., January 14, 1957.—The guardian of a minor's estate has petitioned for leave to expend principal (1) to pay the funeral expenses of the minor's granduncle and (2) to pay transfer inheritance taxes owed by the granduncle's estate and (3) to pay fees and expenses incident to the guardianship.

The petition avers that the minor's estate of $7,-294.37 represents the proceeds of an account in a Federal savings and loan in the name of "George S. Adams, in trust for Robert Bruce Currier", that George S. Adams, the granduncle, died intestate on May 25, 1956, leaving no property other than the aforementioned savings account, that there is presently due F. Emmett Fitzpatrick, funeral director, the remaining balance of $680 for funeral expenses incident to the burial of George S. Adams.

The guardian further avers that: "There being no other property of George S. Adams available the proceeds of the aforementioned savings account should be applied to the payment of the funeral expenses." The guardian also avers that by virtue of the death of George S. Adams, the savings account is subject to

the payment of Pennsylvania transfer inheritance tax in the amount of $973.93 and seeks authorization to pay said taxes from the principal of this savings account. There follows averments of professional services and costs incident to the guardianship in the amount of $121.50, and a request that the guardian also be authorized to pay these.

A hearing was held on the petition on January 7, 1957, and the averments of the petition confirmed by Ruth H. Kinchener, who is a sister of decedent and who looked after his personal affairs. She corroborated the averments of the petition that the estate of this decedent consisted solely of the funds in this share account which were accumulations resulting from a World War I veteran's monthly pension. There was no insurance and the Social Security payment was used as a payment on account of the funeral bill. Ruth M. Currier, mother of the minor and niece of decedent, testified that decedent told her on several occasions after this account had been opened that he had put all his assets in this share account for her son, that the son was to have all the funds after the payment of decedent's funeral expenses and other expenses.

The question raised by this petition is of more than passing interest; it involves the rights of a beneficiary of a tentative trust, which was not revoked in the depositor's lifetime or by will, where the assets of the depositor's estate are either insufficient to pay funeral expenses of decedent depositor, or where, as here, the share account was the depositor's only property.

The question is important since an extension of the doctrine of tentative trusts is requested and nothing except compelling considerations should justify an extension of this type of trust.

The question apparently has not been squarely decided in Pennsylvania. Cf. Wagner Est. 86 D. & C. 454, where upon audit of an insolvent estate the orphans' court concluded it lacked jurisdiction to decide

the question where the deposit was presently not before it, despite the fact that the guardian of the minor beneficiary joined with the administratrix and requested that the funeral bill be paid. Strong dictum indicated, however, that had jurisdiction existed, the funeral bill and medical expenses, and a preferred debt, would have been paid out of the tentative trust.

In other jurisdictions the courts have generally charged the fund with funeral expenses, taxes, administration expenses. Cf. Reich's Est., 262 N. Y. S. 623, 146 Misc. 616; Scott on Trusts (2d ed.) sec. 58.5, p. 497.

It might be argued that since the depositor's interest is subject to his creditors in his lifetime, (Banca D'Italia & Trust Company v. Giordano, 154 Pa. Superior Ct. 452), little argument should be required to decide that such interests should also be available for funeral expenses where the depositor's estate is insolvent. But an undertaker is not the creditor of decedent, since his claim has its inception only by reason of transactions transpiring subsequent to death. However, it is clear that decedent intended to reserve enough money for his decent burial. There would appear to be a sufficiently strong consideration to justify extension of the doctrine of tentative trusts. Thus, in a tentative or illusory trust, the presumption that the trust becomes absolute upon the death of the depositor should yield to this clearly expressed desire by the depositor for a decent burial. This obligation will be considered as a charge against the fund in the amount required to pay the funeral charges in a reasonable amount: A. L. I. Restatement of the Law of Trusts §58(c) ; Scott on Trusts, §58.5. As to the expenses incident to the guardianship, they are proper, and, together with the funeral expenses of $680 and the inheritance taxes of $973.93, are herewith allowed.

And now, January 14, 1957, the prayer of the petition is herewith granted.