S. Samuel Di Falco, S.
This is an application under section 206-a of the Surrogate’s Court Act, to compel the administratrix to deliver to the petitioner a passbook relating to a savings bank account in the name of the decedent in trust for the petitioner. The respondent claims that the decedent revoked the tentative trust. In her answer she alleges that, in addition to revoking the tentative trust, the decedent had given the money to her individually. However, in another portion of her answer she states that she holds the book in her status as administratrix and as part of the assets of the decedent, and at the hearing her counsel reasserted her intention of handling the account as an estate asset.
The administratrix was not a qualified witness because she was interested in the event. (Civ. Prac. Act, § 347.) A person, whose friendship with the decedent was of long standing, testified that the decedent had told him that he communicated with the petitioner, John Stelma (who is the son of the decedent), with respect to the decedent’s taking up residence with John during the decedent’s last illness. The decedent told the witness *235 that his son had not responded to his request and that “ as long as John didn’t show up, didn’t answer the letters, he is going to turn in the books and money to Anne, so she should take care of him while he is sick and funeral expenses when he is going to die The witness testified that he saw the decedent frequently, and that about two weeks before the decedent’s death, he had another conversation with him respecting the bankbook. The witness testified: “ He says he did already turn in everything to Anne * * * he turned over all the money and bank books to Anne because John didn’t respond — he didn’t answer anything * * * he just said he is going to turn in everything to Anne, the daughter, to take care of him. ’ ’
■ It is the rule in this State that a deposit of money in the form used in this case does not establish an irrevocable trust during the lifetime of the depositor. “It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as delivery of the pass book or notice to the beneficiary. In case the depositor dies before the beneficiary without revocation, or some decisive act or declaration or disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor.” (Matter of Totten, 179 N. Y. 112, 126.) The question, therefore, is whether there has been a decisive act or declaration of disaffirmance by the decedent sufficient to effect a revocation of the tentative trust.
On this record there is no clear and decisive act of disaffirmance of the entire trust. It appears that the decedent was disappointed in his son, and that he desired to pay his expenses out of the fund which he had tentatively set aside for his son. It would have been possible for the decedent to sign withdrawal orders that would provide cash for his current expenses and for the expenses of his funeral. Perhaps he had some such plan in mind when he discussed the matter with his friend. The question, however, is not whether the decedent wished to subject the fund to payment of certain expenses, but rather whether he intended a revocation of the entire trust. The testimony does not clearly reveal an intent to revoke the trust. The acts and conversations of the decedent are equally consistent with an intent to preserve the trust but to subject the fund to certain expenses. Moreover, his acts and declarations are just as indicative of an intention to take future action as they are of a present intent to affect the fund then and there. Lacking a clear and decisive act of revocation, the petitioner is, therefore, entitled to recovery of the passbook.
Submit decree on notice accordingly.