434 A.2d 777

**Estate of Mary DePaola VITTORIO, Deceased.**

**Appeal of Alessandro TARSIA, Elena Tarsia and Angelina Tarsia, Beneficiaries of Trust Account No. 07010528 at Roxborough—Manayunk Federal Savings & Loan Association.**

Superior Court of Pennsylvania.

Submitted May 28, 1981.

Filed Sept. 4, 1981.

Silvio F. Modafferi, Philadelphia, for appellants.

John A. DiCicco, Norristown, for appellee.

Before WICKERSHAM, McEWEN and WIEAND, JJ.

WIEAND, Judge:

The principal issue in this case is whether an oral expression of dissatisfaction for and intent to alter a tentative trust constituted a valid revocation of the trust. The trial court held that the trust had been revoked and ordered the proceeds of the trust savings account paid to the estate of the deceased depositor. We disagree and reverse.

During her life time, Mary DePaola Vittorio had opened an account at the Roxborough___Manayunk Federal Savings & Loan Association in her name as trustee for a nephew

and two nieces, Alessandro Tarsia, Elena Tarsia and Angelina Tarsia, who are citizens of Italy. She died on December 19, 1978, leaving a will dated January 4, 1973. Her executrix, Anna Sabre, filed in the Orphans Court of Montgomery County a petition for an injunction restraining the Savings & Loan Association from distributing $15,000.00 remaining in the account to the named beneficiaries. She also filed a supplemental petition claiming the account as an asset of the estate. After several hearings, the court found that the tentative trust had been revoked and granted the relief requested. Exceptions were dismissed and this appeal followed.[1]

The basis for the court's conclusion that the tentative trust had been revoked consisted of statements made by decedent on November 19, 1978, while she was hospitalized. She then told Anna Sabre, in the presence of the latter's daughters, that she had "made a mistake" about the "certificate" going to her nieces and nephew and that she wanted the money to go, instead, to her adopted daughter, Anna Sabre. She asked her daughter to obtain the certificate and bring it to her so that it might be changed. Her daughter failed to comply with this request, believing that her mother would recover and that hasty action was unnecessary. The mother's health became worse, however, and a few days later she lapsed into a coma. Although she subsequently regained consciousness, her mental acuity was suspect at all times thereafter.

1. Appellee filed a petition to quash the appeal, asserting various procedural defects, including a failure to file a reproduced record of the hearing or pertinent portions thereof, an incorrect statement of jurisdiction, and a failure to include rulings of the trial court in response to questions stated in the brief. The first defect is substantial; the others are not. However, the technical quashing of an appeal is to be deprecated. *Schmehl v. Mellinger*, 325 Pa. 487, 191 A. 62 (1937). Motions to dismiss appeals must be considered in light of the fact that the law favors appeals, and reviews on the merits are preferred. Therefore, in a doubtful case, the appeal will be maintained. *First Valley Bank v. Steinmann*, 253 Pa.Super. 8, 11, 384 A.2d 949, 951 (1978). In the instant case, our ability to conduct a meaningful review has not been impaired, and appellee has not been prejudiced by the procedural defects recited. Therefore, we have not quashed the appeal but have considered the merits thereof.

The doctrine of tentative trusts was born in New York in the case of *In re Totten*, 179 N.Y. 112, 71 N.E. 748 (1904). The doctrine was adopted as a part of the law of Pennsylvania in *Scanlon's Estate*, 313 Pa. 424, 169 A. 106 (1933). It is now defined in the Restatement of Trusts 2d, § 58, as follows:

"Where a person makes a deposit in a savings account in a bank or other savings organization in his own name as trustee for another person intending to reserve a power to withdraw the whole or any part of the deposit at any time during his lifetime and to use as his own whatever he may withdraw, or otherwise to revoke the trust, the intended trust is enforceable by the beneficiary upon the death of the depositor as to any part remaining on deposit on his death if he has not revoked the trust."

A tentative trust can be revoked by the depositor at any time prior to death by any clear manifestation of an intention to do so. No particular formalities are necessary to effect a revocation. Restatement of Trusts 2d, § 58, comment c. It may be revoked by a transfer of the deposit; by the terms of the depositor's will; by the depositor's unequivocal act or declaration of disaffirmance; or by facts and circumstances resulting in inadequacy of the estate assets to satisfy the testamentary gifts, funeral and administration expenses, taxes and other charges. *Rodgers Estate*, 374 Pa. 246, 249–50, 97 A.2d 789, 790–791 (1953).

There is no rule which excludes oral declarations of revocation. Pennsylvania courts, on the contrary, have repeatedly said that a depositor may revoke a tentative trust by oral declaration See: *In re Estate of McFetridge*, 472 Pa. 546, 372 A.2d 823 (1977); *Schuck Estate*, 419 Pa. 466, 214 A.2d 629 (1965); *Brose Estate*, 416 Pa. 386, 206 A.2d 301 (1965); *Rodgers Estate*, supra.

However, the courts have generally maintained strict standards for revocation of tentative trusts and have required that the act or declaration relied upon be of such a decisive character as to establish an unequivocal disaffirmance. The number of cases where tentative trusts "have

been held to be revoked by oral declarations alone, appear to be few." *In re Estate of Service*, 49 Misc.2d 399, 267 N.Y.S.2d 782, 787–8 (1965).

Thus, in *Krewson Estate*, 154 Pa.Super. 509, 36 A.2d 250 (1943), oral statements made by a decedent that she had made her niece beneficiary of a tentative trust merely so that the niece could withdraw funds for decedent's own use in the event she became bedridden were held not sufficiently clear and unambiguous to constitute a parol revocation of the trust.

In *Conry v. Maloney*, 5 N.J. 590, 76 A.2d 899 (1950), the Supreme Court of New Jersey considered a factual pattern similar to that present in the instant case. There, the decedent had made a request to his nephew to inquire concerning the procedure necessary to transfer the monies in several trust savings accounts to the bank where decedent kept his personal checking account. The nephew made the requested inquiry and, pursuant to instructions received at the bank, delivered to the decedent the six bank books evidencing tentative trust, together with withdrawal slips to be used in effecting transfers. The depositor died three days later without having signed the slips and without having taken any other affirmative steps to withdraw the money in the trust accounts. The court held that there was no evidence of a decisive act or declaration disaffirming or revoking the tentative trusts. It said: "The words attributed to the decedent, unsupported by any action on his part effectuating the intention expressed, do not constitute a convincing and unequivocal disaffirmance or revocation of the trusts. . . ."

In the *Estate of Stelma*, 25 Misc.2d 234, 201 N.Y.S.2d 609 (1960), the decedent, while speaking to a friend, expressed disappointment with his son, the beneficiary of a tentative trust. He said that he was going to turn over the books and money to his daughter, Anne, so she could take care of him while he was sick and pay funeral expenses when he died. The court held that this was insufficient to revoke the trust, noting that he had not signed any withdrawal orders by

which he could have withdrawn cash to pay his expenses. His "acts and declarations [were] just as indicative of an intention to take future action as they [were] of a present intent to affect the fund then and there." Id. 201 N.Y.S.2d at 611.

In *Estate of Service*, supra, reliance to establish revocation of a tentative trust was placed upon an expressed intent "to cancel those temporary trusts in the bank." This intent the depositor had expressed to the attorney-draftsman of her will. The will, however, had not been executed until almost a year later and failed to contain language manifesting an intent to revoke the tentative trusts. In the meantime the testatrix had made withdrawals from the accounts but had done nothing to change them. The court reviewed the decided cases and concluded that although there was no rule precluding oral revocation of a tentative trust, the act or declaration relied upon for that purpose had to disaffirm the trust decisively. The court held that the declarations made by the depositor to her attorney were insufficient "to effect a disaffirmance or revocation of the Totten trusts apart from and independently of the terms of the will." Id. 201 N.Y.S.2d at 788.

This holding seems at first blush to be inconsistent with the decision of the Pennsylvania Supreme Court in *Rodgers Estate*, supra. In that case, the depositor had told the scrivener of her will that her sister, Martha, was the prime object of her bounty and that she wished to create for her sister a trust for maintenance and support with power to invade principal. The depositor described to her attorney the property to be subject to the trust and included in that description a specific reference to money in a savings account held in her name in trust for Martha. The will was written in accordance with her instructions. At the time of the testatrix's death, Martha was incompetent, and litigation was commenced to determine whether Martha's guardian or the executor of the testatrix's estate should be entitled to receive the proceeds of the savings account. The Court held that the tentative trust had been revoked. It had been

revoked, first, by the oral declarations made by the testatrix, and secondly, by the provisions of the will which could not reasonably be carried out without resort to the trust account.

The result in *Rodgers* was clearly correct according to the facts of that case. It is questionable, however, whether the declaration of the testatrix, in and of itself, "could fairly be said to manifest a revocation of the trust except as [it] gave greater scope to the terms of the will and thus put an end to one only because it was swallowed in the other." See: *In re Estate of Service,* supra, 267 N.Y.S.2d at 786. In any event, we conclude that factually *Rodgers* is not determinative of the instant appeal.

Instead, a review of the decided cases suggests that the following principles have been accepted by the courts and are determinative of the instant appeal. First, while there is no rule of law which precludes the revocation of a tentative trust by oral declaration, the number of cases in which tentative trusts have been held to be revoked by oral declaration alone are few. Secondly, the declaration relied upon to terminate a tentative trust must clearly, unequivocally and decisively establish a present disaffirmance and revocation thereof. Finally, a declaration evidencing an intent to revoke a tentative trust by a future act is insufficient to constitute a clear, unequivocal and decisive disaffirmance or revocation of the trust unless it is supported by action effectuating that expressed intent.

In the instant case, the decedent's oral declarations did not constitute a clear and unequivocal, immediate disaffirmance and revocation of the tentative trust. On the contrary, she referred to the creation of the trust for her nephew and nieces as a mistake and expressed an intent to take action to alter the account so that the money would go to her adopted daughter. She requested her daughter to obtain the "certificate" so that she could accomplish that intended result. She died before she could take the action which was necessary to carry into effect her expressed intent. The trust, therefore, remained unrevoked.

■ A tentative trust may also be revoked by "facts and circumstances resulting in inadequacy of the estate assets to satisfy the testamentary gifts, funeral and administration expenses, taxes and other charges." *Rodgers Estate*, supra, 374 Pa. at 250, 97 A.2d at 791. The testatrix raised this issue in the court below and has pursued it on appeal. The trial judge found it unnecessary to consider revocation for this reason because he had concluded that the trust was revoked by oral declaration. In the absence of findings of fact by the trial court, we are unable to review adequately this issue. Therefore, we will remand so that the trial court may first consider the same.

Reversed and remanded for further consideration in accordance with the foregoing opinion.