FORD ELLIOTT, Judge:
 

 Appellant comes before us challenging the Decree of the Orphans’ Court Division of the Court of Common Pleas of Westmoreland County. The Decree, dated September 3,1993, and entered September 7, 1993, dismissed appellant’s excep
 
 *577
 
 tions to an earlier Opinion and Decree Nisi. The earlier Opinion and Decree Nisi was dated July 1, 1993, and was entered July 2, 1993. The Decree of September 1993 fully incorporated by reference the Decree Nisi of July 1993. The Decree Nisi of July 1993 held that the corpus of a tentative trust of which appellant was the beneficiary was liable to pay those estate expenses that exceeded the estate assets. We affirm.
 

 The factual background is neither complex nor contested. Mark T. Stevenson died intestate August 11, 1991, survived by his wife and administratrix, Karen M. Stevenson, and by his mother, Elizabeth Stevenson, appellant herein. During his lifetime the decedent created several trust bank accounts naming appellant as beneficiary. The sum of these accounts totalled approximately $70,000. Upon the decedent’s death, appellant closed these trust accounts, taking the funds. Appellant filed Pennsylvania Inheritance Tax returns and paid the sums owed.
 

 On October 1, 1992, the administratrix petitioned the court, pursuant to which the court ordered appellant to show cause why the trust accounts should not be made available for the payment of estate expenses. The court eventually issued the decrees now before us ordering that the trust accounts be made available.
 

 Appellant raises a single issue for our review:
 

 Are the proceeds of a settlor decedent’s ‘in trust for’ accounts liable for the payment of the decedent’s estate’s administrative expenses to the extent that they exceed estate assets?
 

 Preliminarily, we must dispose of an issue raised by appellee that the orders appealed from are not final and appealable. Appellee’s theory here is that the lower court’s orders were not sufficiently explicit in stating which estate expenses, and in what amounts, could be charged against the trust accounts. Thus, appellee argues, if we uphold the decrees, the case may again be appealed on the issues of whether certain expenses
 
 *578
 
 and amounts were properly charged against the trust accounts. We disagree.
 

 Contrary to appellee’s assertion, the record below indicates to us which expenses may be charged against the trust accounts. Appellee’s Petition for Citation, at paragraph 6, specifically referenced the estate expenses involved here as being those listed on Schedule H of the Pennsylvania Inheritance Tax Return as filed. We note that Schedule H lists aggregate expenses of $17,357.30. These, then, are the expenses that the court allowed to be charged against the trust accounts. The decrees clearly indicate also that these expenses are to be charged to their full amount, to the extent that $17,357.30 exceeds the other assets of the estate. We see no uncertainty as to what expenses or in what amounts may be charged against the trust accounts. We now proceed with our analysis of the main issue presented.
 

 Initially, we note our standard of review:
 

 Our standard of review from a final order of the Orphans’ Court Division requires that we accord the findings of an Orphans’ Court, sitting without a jury, the same weight and effect as the verdict of a jury; we will not disturb those findings absent manifest error; as an appellate court we can modify an Orphans’ Court decree only if the findings upon which the decree rests are not supported by competent or adequate evidence or if there has been an error of law, an abuse of discretion, or a capricious disbelief of competent evidence.
 
 Estate of Keefauver,
 
 359 Pa.Super. 336, 518 A.2d 1263 (1986);
 
 Estate of Kovalchick,
 
 345 Pa.Super. 229, 498 A.2d 374 (1985);
 
 Estate of Gilbert,
 
 343 [342] Pa.Super. 82, 492 A.2d 401 (1985).
 

 In Re Benson,
 
 419 Pa.Super. 582, 584, 615 A.2d 792, 793 (1992). Presently, appellant is not challenging findings of facts, but rather only conclusions of law. In particular, appellant objects to the trial court’s application of § 58 Restatement of Trusts, Second, comment (d) to the instant case. Appellant also argues that the statutory scheme enacted by the legislature to regulate trust accounts, 20 Pa.C.S.A. § 6301
 
 et seq.,
 
 applies certain aspects of § 58 of the Restatement, but
 
 *579
 
 not the matter covered by comment (d), implying that the legislature has rejected comment (d) in so doing.
 

 Since the Restatement of Trusts is so much at issue here, we should iterate the pertinent section, especially as it provides us with a definition of a tentative trust:
 

 [§] 58. TENTATIVE TRUST OF SAVINGS DEPOSIT
 

 Where a person makes a deposit in a savings account in a bank or other savings organization in his own name as trustee for another person intending to reserve a power to withdraw the whole or any part of the deposit at any time during his lifetime and to use as his own whatever he may withdraw, or otherwise to revoke the trust, the intended trust is enforceable by the beneficiary upon the death of the depositor as to any part remaining on deposit on his death if he has not revoked the trust.
 

 d. Creditors of depositor. Although creditors of the settlor cannot reach the trust property merely because he has reserved a power of revocation (see § 330, Comment o), creditors of a person who makes a savings deposit upon a tentative trust can reach his interest, since he has such extensive powers over the deposit as to justify treating him as in substance the unrestricted owner of the deposit. So also, on the death of the depositor if the deposit is needed for the payment of his debts, his creditors can reach it.
 
 So also, if it is needed it can be applied to the payment of his funeral expenses and the expenses of the administration of his estate, if he has not sufficient other property which can be applied for these purposes.
 

 Restatement of the Law, Second, Trusts, § 58 and comment (d) (emphasis added).
 

 Initially, we disagree with appellant’s statement at page 11 of her brief that no appellate court in this Commonwealth has ever adopted § 58 of the Restatement of Trusts, Second, as the law of this Commonwealth. Our appellate courts have recognized § 58 as controlling in the Commonwealth on numerous occasions. Our cases generally trace the adoption of
 
 *580
 
 the principle enunciated in § 58 to
 
 Scanlon’s Estate,
 
 313 Pa. 424, 169 A. 106 (1933).
 
 Scanlon’s Estate
 
 does not specifically mention § 58, but rather embraces the concept of the tentative trust as espoused by the seminal case,
 
 In re Totten,
 
 179 N.Y. 112, 71 N.E. 748 (1904). The earliest recitation to § 58 as authority which we have found occurred in
 
 Banca D'Italia & Trust Company v. Giordano,
 
 154 Pa.Super. 452, 36 A.2d 242 (1944). We have observed numerous instances since then where our appellate courts have employed § 58 as authority;
 
 see In Re Estate of McFetridge,
 
 472 Pa. 546, 372 A.2d 823 (1977);
 
 In Re Pavlinko’s Estate,
 
 399 Pa. 536, 160 A.2d 554 (1960);
 
 In Re Rodgers’ Estate,
 
 374 Pa. 246, 97 A.2d 789 (1953);
 
 In Re Estate of Agostini,
 
 311 Pa.Super. 233, 457 A.2d 861 (1983);
 
 Estate of Vittorio,
 
 290 Pa.Super. 329, 434 A.2d 777 (1981);
 
 Krewson Estate,
 
 154 Pa.Super. 509, 36 A.2d 250 (1944).
 
 [1]
 
 Although not binding upon us, we also observe that courts in other states, in addition to common pleas courts in our own state, have employed § 58 to reach the result whereby tentative trust accounts may be used to satisfy estate expenses that exceed estate assets.
 
 See In Re Aybar’s Estate,
 
 203 Misc. 372, 116 N.Y.S.2d 720 (1952);
 
 Rodgers Estate,
 
 79 Mont.Co.L.R. 240 (1961);
 
 [2]
 
 and
 
 Currier Estate,
 
 73 Mont.Co. L.R. 250 (1957).
 
 [3]
 

 We will allow that we are unable to find any instance in which comment (d) was specifically adopted. However, we note that there is case law precedent that employs the concept of reaching the assets of tentative trust accounts to meet unpaid estate expenses.
 
 See In Re Rodgers’ Estate,
 
 374 Pa.
 
 *581
 
 246, 97 A.2d 789 (1953). Although this case preceded the Multiple-Party Accounts legislation which appellant asserts has now prohibited the reaching of such assets, we mention it to belie appellant’s assertion that no Pennsylvania appellate court has ever adopted § 58 of the Restatement of Trusts, Second. Furthermore, we also note that there is at least significant
 
 obiter dicta
 
 subsequent to the Multiple-Party Accounts legislation that suggests that the concepts employed in
 
 In Re Rodgers’ Estate,
 
 374 Pa. 246, 97 A.2d 789 (1953), still hold sway. In
 
 Estate of Vittorio, supra,
 
 the court wrote,
 

 A tentative trust can be revoked by the depositor at any time prior to death by any clear manifestation of an intention to do so. No particular formalities are necessary to effect a revocation. Restatement of Trusts 2d, § 58, comment c. It may be revoked by a transfer of the deposit; by the terms of the depositor’s will; by the depositor’s unequivocal act or declaration of disaffirmance;
 
 or by facts and circumstances resulting in inadequacy of the estate assets to satisfy the testamentary gifts, funeral and administration expenses, taxes and other charges. Rodgers Estate,
 
 374 Pa. 246, 249-50, 97 A.2d 789, 790-91 (1953).
 

 Estate of Vittorio,
 
 290 Pa.Super. at 331-33, 434 A.2d at 779 (emphasis added).
 
 [4]
 

 Appellant argues that because the statutory scheme adopted by the legislature to regulate trust accounts makes no provision for the use of such funds to defray estate expenses in the event the assets of the estate are insufficient, then such funds are not available. However, the mere fact that the legislature did not specifically codify comment (d) is not reason to presume that the opposite result was intended. We find nothing in the Multiple-Party Accounts legislation that would prohibit this court from adopting the conceptual framework of comment (d) to allow the reaching of tentative trust assets to satisfy estate expenses that exceed estate assets. This is a
 
 *582
 
 view that is shared by at least one other source. In analyzing the then recently enacted Multiple-Party Accounts legislation, the periodical,
 
 Fiduciary Review,
 
 stated:
 

 The underlying assumption of this section[
 
 5
 
 ] is that anyone using a joint or trust account wants the survivor or survivors to have all balances at death. It permits the continued employment of such an account as an informal will. As recognized in subsection (c) it is possible to negate the rights of survivorship. Like a will, it does not defeat the rights of a creditor to collect if assets of the decedent-depositor’s estate are insufficient to pay his claim. Also it may be available for death taxes, administration expenses and statutory claims of a surviving spouse. The omission of Section 6-107 of the Uniform Probate Code[
 
 6
 
 ] in Chapter 63 should not be construed as an intention to reach contrary results.
 

 Fiduciary Review,
 
 September 1976 at 2-3.
 

 In framing her argument, appellant calls our attention to
 
 *583
 
 certain sections
 
 [7]
 
 of the statutory law governing multiple-party accounts to refute the potential application of comment (d). However, the purpose of these statutes is not to prohibit the estate from reaching these assets to defray debts and costs, but rather to ensure that trust accounts are given full effect as testamentary devises without being subjected to the full rigors by which wills are validated.
 
 [8]
 
 What the statutes do make clear is that a tentative trust account may substitute for a will in effecting the transfer of property upon the death of the depositor. Such a transfer is still subject to inheritance taxes. Similarly, the estate should be able to petition the court to reach these funds to defray expenses once other assets have been exhausted. Although such funds "will not pass through the estate, they can be made available to it. To hold otherwise would allow wholesale avoidance of the just debts of a decedent by depositor-testators who could maintain the bulk
 
 *584
 
 of their estates in the form of tentative trust accounts. This was not the purpose of the Multiple-Party Accounts legislation. Rather, this legislation was enacted to aid banks and other financial institutions in the determination of how, when, and to whom to pay out tentative trust accounts and to determine the property rights among the various parties to multiple-party accounts.
 

 We believe that where the other assets of the estate are insufficient to meet the debts of the decedent’s estate as well as administrative costs, the amounts contained in tentative trusts may be reached for satisfaction of these claims as in accordance with comment (d) of the Restatement of Trusts, Second, § 58.
 

 Before concluding, we note that while we are affirming the decree below, we are remanding because appellee’s brief admits that the attorney’s and personal representative’s fees were miscalculated. On remand the court should amend its decree to reflect the correct amounts as it ascertains them.
 

 Accordingly, the decree below is hereby affirmed, and the case is remanded for amendment as herein described. Jurisdiction relinquished.
 

 [1]
 

 . Our listing is not exhaustive but is intended only as a sampling.
 

 [2]
 

 . We alert the reader to the fact that this opinion recites to two opinions captioned
 
 “Rodgers’ Estate."
 
 They arise from two wholly separate cases.
 

 [3]
 

 .
 
 Rodgers Estate
 
 and
 
 Currier Estate
 
 are perhaps flawed examples. While
 
 Rodgers
 
 does, in fact, rule that tentative trust accounts may be used to satisfy administration expenses to the extent that the expenses exceed estate assets, it so rules on the basis of
 
 Currier
 
 as precedent.
 
 Currier,
 
 however, contains language that seems to indicate that its ruling may be based on a finding by the court that the depositor clearly expressed a desire that his account be used to satisfy burial expenses.
 
 See Currier,
 
 73 Mont.Co.L.R. at 252.
 

 [4]
 

 . We note to the extent that
 
 Estate of Vittorio,
 
 relying upon pre-1976 authority, sets forth that a tentative trust may be revoked by will, its reasoning is inconsistent with 20 Pa.C.S.A. § 6304(d), which was enacted in 1976.
 

 [5]
 

 . 20 Pa.C.S.A. § 6304.
 

 [6]
 

 . § 6-107. [Rights of Creditors],
 

 No multiple-party account will be effective against an estate of a deceased party to transfer to a survivor sums needed to pay debts, taxes, and expenses of administration, including statutory allowances to the surviving spouse, minor children and dependent children, if other assets of the estate are insufficient. A surviving party, P.O.D. payee, or beneficiary who receives payment from a multiple-party account after the death of a deceased party shall be liable to account to his personal representative for amounts the decedent owned beneficially immediately before his death to the extent necessary to discharge the claims and charges mentioned above remaining unpaid after application of the decedent’s estate. No proceeding to assert this liability shall be commenced unless the personal representative has received a written demand by a surviving spouse, a creditor or' one acting for a minor or dependent child of the decedent, and no proceeding shall be commenced later than two years following the death of the decedent. Sums recovered by the personal representative shall be administered as part of the decedent’s estate. This section shall not affect the right of a financial institution to make payment on multiple-party accounts according to the terms thereof, or make it liable to the estate of a deceased party unless before payment the institution has been served with process in a proceeding by the personal representative.
 

 [7]
 

 . (b) Trust account. — At the death of the trustee or the survivor of two or more trustees, any sum remaining on deposit belongs to the person or persons named as beneficiaries, if surviving, or to the survivor or survivors of them if one or more die before the trustee or last surviving trustee, unless there is clear and convincing evidence of a contrary intent; if two or more beneficiaries survive, there is no right of survivorship in event of death of any beneficiary thereafter unless the terms of the account or deposit agreement expressly provide for survivorship between them.
 

 (d) Change by will prohibited. — A right of survivorship arising from the express terms of an account or under this section, or a beneficiary designation in a trust account cannot be changed by will.
 

 20 Pa.C.S.A. § 6304(b) and (d).
 

 § 6306. Accounts and transfers nontestamentary
 

 No transfer resulting from the application of section 6304 (relating to right of survivorship) shall be considered as testamentary or subject to Chapter 21 (relating to intestate succession) or Chapter 25 (relating to wills).
 

 20 Pa.C.S.A. § 6306.
 

 [8]
 

 . Note the official commentary to 20 Pa.C.S.A. § 6306:
 

 This section is derived from Section 6-106 of the Uniform Probate Code. The Commissioners’ comment to that section states, in part, that:
 

 The purpose of classifying the transactions contemplated by [this chapter] as nontestamentary is to bolster the explicit statement that their validity as effective modes of transfers at death is not be [sic] determined by the requirements for wills. The section is consistent with [existing law].